## STATE v. SMITH.

Where several distinct offenses are charged in different counts of an indictment, all growing out of the same act or acts, even though subject to different punishments, a general verdict of guilty furnishes no ground for a motion in arrest of judgment or for new trial, provided the jury have been explicitly instructed as to the form and effect of their verdict.

Before ALDRICH, J., Anderson, February, 1882.

This was a prosecution against Sherman Smith and four other defendants. The opinion fully states the case.

*Mr. W. C. Benet,* for appellants.

*Mr. Solicitor Orr,* contra.

October 25th, 1882. The opinion of the court was delivered by

MR. JUSTICE McIVER. The indictment in this case contains three counts. The first charges that the defendants " did unlawfully, willfully and maliciously and feloniously set fire to the county jail;" the second, that they " did unlawfully, willfully, maliciously and feloniously set fire to the dwelling-house of James H. McConnell;" and the third, that the defendants " did willfully, unlawfully and maliciously mutilate, deface and injure the house, that is to say, the jail of Anderson county, upon real estate in the possession of James H. McConnell." The first two counts, therefore, charge a felony, and the third a misdemeanor.

The Circuit judge, in his charge to the jury, explained the different counts and the effect of a verdict on them, saying : " If they found the prisoners guilty of arson—defining it—they should find them guilty generally; if they did not find them guilty of arson, but of malicious injury, they should write, ' not guilty as to the first and second counts, guilty as to the third count.' If they should find them not guilty of any of the counts, they should say, ' not guilty.' That if they found the prisoners guilty, they could recommend them to mercy." The jury returned a general verdict of guilty, with a recommendation to mercy, whereupon the defendants made a motion in arrest of judgment and for a new trial upon two grounds, which being refused, they now, by this appeal, renew these motions upon the same grounds. As the second ground was abandoned at the argument in this court, it will only be necessary to state the first, which is as follows : " Because his Honor erred in holding that the verdict of guilty, generally, upon an indictment containing a charge of felony, and a count in the same indictment charging a misdemeanor, when the penalties were different, was not a ground for a new trial."

It must be conceded that it is somewhat difficult to reconcile the decisions in this State upon the point presented by this appeal, and we simply propose, after reviewing the cases, to deduce from them what we understand to be the rule upon this subject.

In *State* v. *Montague,* 2 *McC.* 257, the indictment was for a misdemeanor, and contained two counts, but what those two counts were does not appear. All that is said upon this branch of the case is: "There are two distinct counts in the indictment, each charging the prisoner with a different and distinct offense, for each of which offenses the law has provided a different and distinct punishment. A general verdict of guilty does not show of which offense he was guilty. The judgment of the court, therefore, cannot be pronounced." A new trial was accordingly granted. In the opinion no authority is cited and no reasoning employed except what has just been quoted. It does not appear that the jury were instructed so to shape their verdict as to indicate which of the two offenses they believed the party charged to be guilty of, nor as to the effect of a general verdict.

In *State* v. *Crank,* 2 *Bail.* 66, the defendant was indicted for murder. In the first count he was charged with having struck the mortal blow, in the second with having been present aiding and abetting another who struck the mortal blow, in the third and fourth he was similarly charged, only varying the name of the person charged with striking the mortal blow, and in the fifth count he was charged as accessory before the fact. There was a general verdict of guilty, and one of the grounds of the motion in arrest of judgment was, that, under a general verdict upon such an indictment, no judgment could be pronounced, as the court could not know whether the intention of the jury was to find the prisoner guilty of murder in the first or second degree, or of being an accessory before the fact. The court held that the motion could not be sustained, saying: "If, therefore, several felonies of the same degree be included in the same indictment and there is a general verdict, judgment may be given on any or all of them, according as they may have been supported by the proof." It will be observed that the material difference between *Crank's* case and the foregoing one is that in the latter case the

punishment was the same under all of the counts, while in *Montague's* case it was different.

In *State* v. *Priester, Cheves* 103, Judge Earle, in delivering the opinion of the court, lays down this doctrine, that two distinct offenses with different penalties may be embraced in the same indictment; "but," he adds, "care must be taken to have the verdict framed so as to secure the several counts." This, however, is a mere *dictum*, inasmuch as in that case the indictment was for unlawfully trading with a slave under the act of 1817, and in one count the defendant was charged with buying corn from a slave, and in the other with selling liquor to the same slave, it being all the same transaction, the liquor having been delivered to the slave in exchange for the corn. And upon a general verdict, the court, on a motion in arrest of judgment, held that there was no misjoinder of two offenses, but that it was the same offense charged in different forms.

In *State* v. *Anderson*, 1 *Strob.* 455, the indictment contained two counts, one, under the act of 1834, charging the defendant, as a vendor of spirituous liquors, with delivering liquor to a slave; the other, under the act of 1817, charging the defendant with unlawfully trading with a slave, both charges growing out of the same transaction. There was a general verdict, and the defendant moved in arrest of judgment and for a new trial on the ground, *inter alia*, that no judgment could be rendered upon such a verdict where the indictment contained two counts, charging different and distinct offenses and punishable differently. The court held that while this afforded no ground for arresting the judgment, yet it did furnish good ground for a new trial, and granted that motion. The reason given seems to have been that, while different offenses might be joined in the same indictment, though not in the same count, yet, on a general verdict, the court would not know on which count to pass sentence. In this case, also, it does not appear that the jury were instructed as to the effect of a general verdict, or that they could so shape their verdict as to indicate what offense they thought the defendant guilty of. Inasmuch as it appeared in this case that the count under the act of 1817 was fatally defective, it is difficult to understand how the court could have reached the result which

they did, in the face of the decision in the *State* v. *Poole*, 2 *Tread. Con. Rep.* 494, which, in that very case, it is said has been followed ever since. See *State* v. *Pace*, 9 *Rich.* 355, where it was held that a general verdict upon an indictment containing two counts, one of which was so defective as not to warrant any judgment upon it, would be sustained and referred to the good count.

In *State* v. *Tidwell*, 5 *Strob.* 1, the defendants were indicted for abduction under the act of 4 & 5 P. & M. ch. 8. The indictment contained four counts. The first, framed under the third section of the act, charged both of the defendants with abducting the girl from the possession of her father; the second, framed under the fourth section of the act, charged that both abducted the girl and that Tidwell married her; the third was like the first count, except that it contained the additional averment that the girl was an heir apparent of her father, and the fourth was similar to the second count, with the additional averment contained in the third. The punishment imposed by the fourth section of the act was greater than under the third section. The jury rendered a general verdict of guilty and the defendants moved in arrest of judgment because the indictment charged two distinct offenses, admitting of different degrees of punishment, and a general verdict of guilty did not show of which offense the jury intended to find the parties guilty. The court held that this furnished no ground for *a motion in arrest of judgment.* Whether it would support *a motion for a new trial* does not seem to have been distinctly considered, though the intimation is that it would not in that particular case, inasmuch as the offenses charged were of the same general nature, and the aggravation alleged in one of the counts, while it increased the penalty, could be regarded as embracing the other, and therefore a general verdict should be regarded as having found the highest degree of guilt.

In *State* v. *Posey*, 7 *Rich.* 484, the indictment contained four counts for grand larceny and two for receiving stolen goods, one under the statute and the other at common law, both being misdemeanors. The jury found the defendant guilty of "receiving stolen goods, knowing them to be stolen." A motion in arrest

·of judgment was made, upon the ground that it did not appear from the verdict upon which count the finding rests. The court said ·that after the verdict, the indictment must be regarded as ·containing only the two counts charging the offense of receiving stolen goods, and held that there was no ground for the motion in arrest of judgment. Although there was no motion for a new trial based upon this ground, yet the court, for the benefit of the defendant, treated it as such a motion, and held that though the uncertainty as to which count the verdict referred to might be a good ground for a new trial, if one count was good and the other bad, or the punishment under the two counts were different in kind, yet in this case there was no such uncertainty, and that even if the sixth count was bad, the verdict might be referred to the fifth, as the offenses charged were of .the same general nature, and it was at least doubtful whether there was any difference in. the punishment. Accordingly the motion was refused.

In *State* v. *Major*, 14 *Rich.* 76, the indictment contained three counts.  In the first the three defendants were charged with stealing a colt; in the second, Warren and Hiram Major were charged with the same offense, and Daniel Major was charged as accessory before the fact; and in the third count, all three were charged with a misdemeanor, in receiving the colt knowing it to be stolen. The jury found the following verdict: "Warren T. Major and Hiram Major, guilty; Daniel Major, guilty of petit larceny." One of the questions raised on a motion for a new trial was, whether any judgment could be pronounced upon this verdict. The court held that the offenses charged being distinct and different, and subject to different punishments, there was no means of determining from the verdict of what offense the parties were guilty, and hence no means of ascertaining what punishment should be imposed. The court drew a distinction between this case and that of "the case of a general verdict on an indictment containing several counts, charging offenses of the same general nature, but different degrees, where each higher necessarily includes all the lower grades, distinguished from them by an aggravation of guilt and a corresponding increase in the measure, but not variation in the kind, of penalty, and where the less offense being merged in the greater, the general verdict shall be

taken to have found the highest grade, if the proof be applicable to it," as in *Tidwell's Case, supra;* and said it was rather a case where distinct offenses are charged, for each of which the law prescribes a different and distinct punishment, and that a general verdict not showing of which offense the parties have been found guilty, the court cannot know what judgment to pronounce, as in *Montague's Case, supra.* It will be observed that in this case it does not appear that any instructions were given to the jury as to the form in which they might find their verdict, or as to the effect of a general verdict.

In *State* v. *Nelson,* 14 *Rich.* 169, the indictment contained three counts: The first charging burglary; the second charging another burglary at a different time and place from the first; and the third charging larceny, at the same time and place mentioned in the second count; the alleged value of the property stolen being under $20. So that the case presented was one in which two distinct felonies and a misdemeanor were charged in different counts of the same indictment; the misdemeanor charged growing out of the same transaction as that upon which the second felony charged rested, with a general verdict of guilty. Upon a motion in arrest of judgment, which the court treated as a motion for a new trial, the rule was laid down in the following language: "Where an indictment charges the same transaction in one count as a felony, and in another as a misdemeanor of such nature that the latter is, or may be, included in the former, it is merged in it, if the higher offense has been consummated; and the jury, even if there were no charge of the less offense in a separate count, might convict of this under the count for the greater, if the evidence, in their judgment, warranted no more. A general verdict is understood to find the higher offense if there is testimony to support it; and the finding of such verdict is not a ground for a new trial even. It is proper, however, that the jury should be distinctly instructed as to the effect of their general finding in such case, and that they are at liberty to distinguish, and, according to their views of the evidence, convict on the one count or the other; and it is more satisfactory that they should do this."

In *State* v. *Scott*, 15 *S. C.* 434, the rule, as laid down in *Nelson's Case*, has been recently affirmed by this court.

From this review of our cases, we think that the rule to be extracted from them is, that where several distinct offenses are charged in different counts of an indictment, all growing out of the same act or acts, even though subject to different punishments, a general verdict of guilty furnishes no ground for a motion in arrest of judgment, and no ground for a new trial, provided the jury have been explicitly instructed that the effect of a general verdict will be to find the party accused guilty of the highest offense charged in the indictment, and that they have the right to designate in their verdict which one of the particular offenses charged they believe the accused to be guilty of.

In the case now before the court, it is conceded that both of the offenses charged in the indictment grew out of the same act; and it appears that the jury were very explicitly instructed how to shape their verdict so as to show distinctly of what particular offense they believed the parties guilty. For the Circuit judge, after explaining what constituted arson, told the jury that if they believed the parties guilty of that offense, their verdict should be guilty generally; but if they did not believe the defendants guilty of arson, but only guilty of malicious injury, then their verdict should be not guilty as to the first and second counts, but guilty on the third count; and if they did not believe them guilty of either of the offenses charged, their verdict should be not guilty. It seems to us, after such instructions, a general verdict of guilty leaves no more doubt as to the offense of which the jury intended to convict the defendants than if their verdict had been guilty of arson, or guilty on the first or second counts.

The judgment of this court is that the judgment below be affirmed.