### STATE v. LUDLOW LEE AND RONEY B. LEE.

(Filed 29 September, 1926.)

1. **Instructions—Appeal and Error.**

    If construing an instruction of the jury contextually in its related parts it is sufficient to inform the jury correctly as to the principles of law arising upon the evidence in the case, it will not be held for reversible error because construed disjointedly it may be the subject of judicial criticism.

2. **Criminal Law—Assault—Indictment—Verdict—Lesser Degree of the same Offense—Evidence—Instructions.**

    While it is the better practice for the jury to specify which of the several offenses they find the defendant guilty of, when less offenses may be found against him under the indictment and evidence in the case, a general verdict of guilty will not be held for error, when it is capable of being correctly construed with reference to the greater offense charged in the indictment and supported by the evidence in the case, under a correct instruction of the law relating to it.

ADAMS, J., concurring.

APPEAL by defendants from *Sinclair, J.,* at May Term, 1926, of HARNETT.

Criminal prosecution, tried upon an indictment charging that the defendants, with force and arms, did, on 7 August, 1925, "unlawfully, wilfully, maliciously and feloniously, in a secret manner, by waylaying and concealing themselves in the darkness of the night, commit an assault, with a deadly weapon, to wit, a gun, upon one Julius McLeod, shooting said McLeod through the body and inflicting serious and permanent injury, with intent then and there the said McLeod to kill and murder," etc.

Verdict: Guilty.

15—192

Judgment: Imprisonment in the State's prison, at hard labor, for a term of not less than five and not more than ten years.

Defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Young & Young and Clifford & Townsend for defendants.*

STACY, C. J. It is provided by C. S., 4213, the statute under which the defendants were indicted and convicted, that if any person shall commit an assault and battery upon another (1) maliciously, (2) with a deadly weapon, (3) in a secret manner, by waylaying or otherwise, notwithstanding the person so assaulted may have been conscious of the presence of his adversary, (4) with intent to kill such other person, he shall be guilty of a felony and shall be punishable by imprisonment in jail or in the State's prison for not less than twelve months nor more than twenty years, or by a fine of not exceeding two thousand dollars, or both, in the discretion of the court.

The prosecuting witness testified that just after dark on the night in question, he was walking along the public highway approximately sixty yards from his home, when, attracted by the growling of his dog, he looked over into the cotton patch by the road and saw the defendant, Ludlow Lee, who had previously been hiding between two rows of cotton, rise from his squatting position, with a shot gun in his hands, and fire directly at the prosecuting witness, inflicting serious and permanent injury by shooting him in the face and shoulders. Immediately thereafter he saw the defendant, Roney B. Lee, who was with Ludlow Lee at the time, and who had also been hiding in the cotton patch, rise up with gun in hand and fire in the air.

The defendants denied having anything to do with the shooting, and introduced evidence tending to show that they were elsewhere at the time.

The evidence was plenary on both sides. It was sufficient on behalf of the State to warrant a conviction, and on behalf of the defendants to warrant an acquittal. The case was peculiarly one for the jury under proper instructions from the court.

All the exceptions are directed to the charge, and while some of his Honor's expressions, standing alone, may be objectionable, yet, taken as a whole, we are constrained to believe that the charge is free from reversible error.

The charge, as has so often been said, is to be considered contextually and not disjointedly. *In re Hardee,* 187 N. C., 381; *Milling Co. v.*

*Highway Commission,* 190 N. C., p. 697, and cases cited. Viewed in this way, we think the validity of the trial should be sustained.

There was a motion, made in this Court, to arrest the judgment because of the alleged insufficiency of the verdict, in that it does not specify of which grade of the offense charged the jury convicted the defendants, it appearing that one of four verdicts was permissible under the indictment, the evidence and the charge of the court, and the jury simply returned a verdict of "guilty."

The decisions in the several jurisdictions, having statutes similar to ours, C. S., 4640, permitting a conviction of a less degree of the same offense charged in the bill of indictment, when warranted by the evidence, are not in unison. *Moody v. State,* 52 Tex. Crim. Rep., 232; *Kinchen v. State,* 188 S. W. (Tex.), 1004; *Estes v. State,* 55 Ga., 131; *Com. v. Flagg,* 135 Mass., 545; *S. v. Smith,* 18 S. C., 149; 27 R. C. L., 856. However, the exact question was decided by this Court in the case of *S. v. Barnes,* 122 N. C., 1031, and that decision is controlling on the present record. There, *Clark, J.,* speaking for the Court, said: "While the statute (Laws 1885, ch. 68) permits a verdict for an assault when it is embraced in the charge of a greater offense, as rape or other felony, a verdict simply of guilty and not specifying a lower offense is a verdict of guilty of the offense charged in the indictment."

On authority of the decision in *Barnes' case,* the motion in arrest of judgment must be overruled.

No error.

ADAMS, J., concurring: The defendants are indicted for a malicious assault committed in a secret manner in breach of C. S., 4213, which reads as follows: "If any person shall in a secret manner maliciously commit an assault and battery with any deadly weapon upon another by waylaying or otherwise, with intent to kill such other person, notwithstanding the person so assaulted may have been conscious of the presence of his adversary, he shall be guilty of a felony and shall be punished by imprisonment in jail or in the penitentiary for not less than twelve months nor more than twenty years, or by a fine not exceeding two thousand dollars, or both, in the discretion of the court." Section 4214 relates to an assault with a deadly weapon with intent to kill resulting in injury, the language being: "Any person who assaults another with a deadly weapon with intent to kill, and inflicts serious injury not resulting in death, shall be guilty of a felony, and shall be punished by imprisonment in the State prison or be worked on the county roads for a period not less than four months nor more than ten years." There are other statutes which provide that on a trial for rape, or for other felony, when the crime charged includes an assault against

the person, it shall be lawful for the jury to acquit of the felony and to find a verdict of guilty of an assault against the person indicted if the evidence warrants such finding; and that upon the trial of any indictment the defendant may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime. C. S., 4639, 4640.

In the present case the trial judge instructed the jury that they might convict the defendants of the crime charged in the indictment (sec. 4213), or of an assault with a deadly weapon with intent to kill, but not in a secret manner (sec. 4214), or of an assault with a deadly weapon. The jury returned a general verdict of guilty and the defendants were sentenced to hard labor in the State prison for a term of not less than five and not more than ten years.

In *S. v. Barnes,* 122 N. C., 1031, the defendant was indicted for an assault with intent to commit rape, and on his appeal the Court observed: "While the statute permits a verdict for an assault where it is embraced in the charge of a greater offense, as rape or other felony, a verdict simply of guilty and not specifying a lower offense is a verdict of guilty of the offense charged in the indictment." In the preceding paragraph of the opinion it is said: "There is only one count in the indictment, and it is unnecessary to notice the authorities cited as to general verdicts rendered on a bill charging offenses punishable differently."

I do not think that section 4214 can properly be construed as a lesser degree of the offense denounced in section 4213, as an assault with a deadly weapon may be, because it is a separate and distinct statutory felony; but, there being only one count in the indictment, let me concede that the defendants could have been convicted under the former section for the reason that the language of the indictment is sufficient to embrace this offense. This granted, I am impressed with the expediency and wisdom, if not the necessity, of requiring juries in cases of this character to specify the particular charge on which the verdict is returned. It is the better practice, as it makes for certainty and gives assurance to the Court. Here the punishment prescribed is different in each of the three crimes of which the defendants may have been convicted: (1) imprisonment in jail or in the penitentiary for not less than twelve months nor more than twenty years, or by a fine not exceeding two thousand dollars, or both, in the discretion of the court; (2) imprisonment in the State prison or to be worked on the county roads for a period not less than four months nor more than ten years; (3) fine or imprisonment or both in the discretion of the court. I do not say that the verdict is fatally defective, but I think that under the

HOOKER *v.* HARDEE.

conditions disclosed the judge should have been definitely informed as to which of the three offenses the verdict was intended to apply. The motion in arrest of judgment was not made in the trial court, and of course was not considered by the presiding judge; but the return of a general verdict caused the motion to be lodged in this Court.