STATE v. JIM WALDROOP.

(Filed 12 January, 1927.)

**1. Homicide—Justifiable Homicide—Self-Defense—Questions for Jury.**

Where one, without blame on his part, is assaulted by another, and in the exercise of ordinary firmness he actually apprehends or has reasonable grounds to apprehend that his life is in danger, or he is in danger of great bodily harm, he may use such force as reasonably appears to him to be

necessary to save his life or to protect himself from great bodily harm, the necessity real or apparent being for the jury to determine upon the evidence; and should the jury so find the homicide is excusable.

2. **Same—Instructions—Appeal and Error.**

Where there is evidence that the prisoner on trial for a homicide was justifiable in taking the life of the deceased, it is reversible error for the judge to insufficiently charge upon the principle of self-defense.

3. **Instructions—Conflict—Appeal and Error.**

Where an instruction by the court to the jury is conflicting upon a material point, a new trial will be granted on appeal.

STACY, C. J., and CLARKSON, J., dissenting.

APPEAL by defendant from *Harding, J.,* at August Term, 1926, of CHEROKEE. New trial.

The defendant was indicted in the usual form for the murder of Sam Burgess, but the State did not ask for his conviction of murder in the first degree. He was convicted of manslaughter and from the judgment pronounced he appealed, assigning as error the following instructions on the question of self-defense.

"A man cannot just make up his mind that he is going to be killed and haul off and kill somebody—he has got to have reasonable grounds for killing, and the burden is on him to show you that at the time he fired that pistol that he not only believed that he was going to be killed, but that his belief and fear were based on reasonable grounds, and if he has satisfied you that he had reasonable grounds to believe he was about to be killed, and in good faith did believe he was about to be killed, both elements have to enter into it—I may have reasonable grounds to believe I am going to be killed; if I don't believe it and haul off and shoot anyway, I am guilty of murder in the second degree, that is, if I shot with the intention to kill and do kill, or I may have reasonable grounds to believe there is danger, when there is no danger, but if I believe there is danger and shoot and kill, I would be justified in doing so. I may see certain demonstrations, hear certain accusations, or hear certain words that would be reasonable grounds to lead me to believe a man was going to kill me right then, and yet the man might have no such thought, no thought of doing me any injury at all. So it is not whether the deceased intended to kill defendant if he got a chance, or whether he intended to assault him or whether he wanted to do it, that is not the issue in the case. Did the force, the words, the things that took place there immediately before the firing of the pistol by the defendant, were they such as to give the defendant reasonable grounds to believe that he was about to be killed, and then did the defendant actually in good faith believe it? If he did, then he had the right to use such force as appeared to him at that time to be reasonably

necessary to protect himself, and if he has satisfied you of that, that he used only such force as appeared to him at that time to be reasonably necessary to protect himself, it would be your duty to acquit him, but if he has failed to satisfy you that he did have reasonable grounds to believe that he was about to be killed, and did believe it, and did not use such force for that purpose, but because of the things done and said he was moved by the heat of passion, the impulse of anger and without malice, he fired and shot the deceased, then he would be guilty of manslaughter, but the burden is on the defendant to satisfy you that he shot under such circumstances, whether you convict him of manslaughter or whether you convict him of murder in the second degree or whether you acquit him, he having admitted the killing with a pistol, that is murder in the second degree, and the burden shifts to him to satisfy you that he killed in justification. If he has so satisfied you, you will acquit him; if he has failed to so satisfy you, but has rebutted the presumption of malice, it would be your duty to convict him of manslaughter. You may retire, gentlemen, and render your verdict."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Moody & Moody for defendant.*

ADAMS, J.   The record discloses evidence tending to establish each of the three degrees of felonious homicide as well as the defendant's right to acquittal on the ground of self-defense.   There was a verdict for manslaughter; and the exception noted calls for an inspection of the instruction complained of with a view to ascertaining whether it was circumscribed or restricted to the prejudice of the defense.

So often has the Court elucidated the principle of self-defense as it prevails here that a review of the authorities on the subject would involve a tedious and superfluous task.   The salient features of the principle as deduced from our decisions may be stated in concise terms.   If A. is assaulted and by reason of the assault, while free from blame in the matter and in the exercise of ordinary firmness, he actually apprehends and has reasonable ground for apprehending that his life is in danger or that he is in danger of great bodily harm he has a right to use such force as is necessary or such force as reasonably appears to him to be necessary to save his life or to protect himself from great bodily harm—such necessity real or apparent to be determined by the jury upon all the facts and circumstances as they reasonably appear to him at the time; and if under these conditions he takes the life of his assailant the homicide is excusable.   Whether he actually apprehends loss of life or great bodily harm, whether he has reasonable cause for

such apprehension, whether under the circumstances as they appear to him it is necessary or apparently necessary to take human life—these are questions for the jury to determine from all the evidence. *S. v. Harris,* 46 N. C., 190; *S. v. Dixon,* 75 N. C., 275; *S. v. Barrett,* 132 N. C., 1005; *S. v. Clark,* 134 N. C., 698; *S. v. Blackwell,* 162 N. C., 672; *S. v. Johnson,* 166 N. C., 392; *S. v. Brinkley,* 183 N. C., 720; *S. v. Johnson,* 184 N. C., 637.

It may become necessary for the trial court in explaining the law of self-defense to enforce the exception to the general rule that a deadly weapon may not be used to repel a simple assault, or to draw the distinction between a felonious and an ordinary assault, or to recognize the difference between fighting willingly in self-defense and entering into a combat willingly but with legal provocation; but these principles are of course easily to be applied. *S. v. Pollard,* 168 N. C., 116; *S. v. Hill,* 141 N. C., 769; *S. v. Hough,* 138 N. C., 663; *S. v. Blevins, ibid.,* 668; *S. v. Dixon, supra.*

In our opinion the instruction to which the defendant excepts falls short of that to which he was entitled. The exception is addressed not so much to an erroneous statement of the principle as far as it goes as to a defect or a material omission in the instruction. It is said in the first paragraph that the burden was on the defendant to show that at the time he fired the pistol he not only believed he was going to be killed but that his fear had a reasonable basis; that if he had satisfied the jury that there was reasonable ground for his believing that he was about to be killed and in good faith did believe it, he was justified in taking the life of the deceased; that there must have been both elements, the belief and a reasonable cause for it. The instruction proceeds: "So it is not whether the deceased intended to kill the defendant if he got a chance, or whether he intended to assault him or whether he wanted to do it—that is not the issue in this case. Did the force, the words, the things that took place there immediately before the firing of the pistol by the defendant, were they such as to give the defendant reasonable grounds to believe that he was about to be killed, and then did the defendant in good faith believe it? If he did (i. e., if he believed and had good cause to believe that he was about to be killed) then he had the right to use such force as appeared to him at that time to be reasonably necessary to protect himself, and if he has satisfied you that he used only such force as appeared to him at that time to be reasonably necessary to protect himself it would be your duty to acquit him; but if he has failed to satisfy you that he did have reasonable grounds to believe that he was about to be killed and did believe it and did not use such force for that purpose, but because of the things done and said he was moved by the heat of passion, the impulse of anger,

and without malice he fired and shot the deceased, then he would be guilty of manslaughter."

Under this instruction the defendant's right of self-defense was made to depend entirely on a reasonable belief that he was about to be killed; throughout, this is the underlying thought—the reasonable apprehension of death. The inference is that in the absence of such apprehension the homicide would be manslaughter at least. The defect in the instruction is the omission of any reference to the apprehension of bodily harm; still this is as much an element of defense as the apprehension of death. The question was not exclusively whether the defendant reasonably believed that his life was in danger, but also whether he reasonably apprehended the infliction of great bodily harm. The exact point was decided in *S. v. Matthews,* 78 N. C., 523, 538. There the Court said: "The instructions were erroneous in other particulars. The judge said: 'If it appeared from the circumstances of the case that Matthews had reasonable ground to apprehend that his life was in imminent danger he was justified in taking the life of his assailant, but there must be a necessity for taking life from the fierceness of the assault before he could be excused on the ground of self-defense.' The judge omitted here to say that Matthews must have believed in the reality of the danger, and he omitted also a much more important portion of the rule which he undertook to lay down. It is said in all the authorities, and cannot be doubted, that if a man who is assailed believes and has reason to believe that, although his assailant may not intend to take his life, yet he does intend and is about to do him some enormous bodily harm, such as maim for example, and under this reasonable belief he kills his assailant, it is homicide *se defendendo* and excusable."

It is true that in the preceding paragraph his Honor told the jury that as the use of the pistol raised a presumption of malice the burden was on the defendant to satisfy the jury that he shot without malice, thereby reducing the homicide to manslaughter, and to show that he shot the deceased in self-defense, "that is, having reasonable grounds to believe and did believe that he was about to be killed or to receive great bodily harm from the hands of the deceased." But in the application of the principle the element of bodily harm was left out and the right of self-defense as we have said, was made to turn on the reasonable apprehension of death. Even if this paragraph be treated as an application of the correct rule, still the instruction complained of is inconsistent with it and in substance the two are contradictory—one including both elements and the other only one. "It is well settled that when there are conflicting instructions upon a material point a new trial must be granted, as the jury are not supposed to be able to determine

when the judge states the law correctly or when incorrectly. We must assume in passing upon the motion for a new trial that the jury were influenced in coming to a verdict by that portion of the charge which was erroneous." *Edwards v. R. R.*, 132 N. C., 99; *S. v. Barrett, supra.*

For error in the instruction given a new trial is awarded.

New trial.

STACY, C. J., and · CLARKSON, J., dissenting: The law as stated in the Court's opinion is not questioned, but we disagree with the interpretation placed upon the instruction held for error, when viewed in the light of the whole charge.