### STATE v. W. L. ELMORE.

(Filed 24 November, 1937.)

**1. Homicide § 11—Whether defendant had reasonable ground to believe he was in danger of life or great bodily harm is for jury.**

In this prosecution for assault with a deadly weapon with intent to kill, defendant offered evidence of self-defense. The trial court instructed the jury in effect that whether defendant' had reasonable ground to believe, under the circumstances, that he was in danger of his life or great bodily harm, was for the jury to determine from the testimony of defendant and the other witnesses. *Held:* The instruction was without error.

**2. Homicide § 27h—**

In this prosecution for assault with a deadly weapon with intent to kill, the court's instruction that the jury might find defendant guilty of a less degree of the crime, including assault with a deadly weapon, if they so found beyond a reasonable doubt, *is held* without error. C. S., 4640.

**3. Criminal Law § 53g—**

The charge of the court will be considered contextually as a whole.

APPEAL by defendant from *Finley, J.,* at February Term, 1937, of MECKLENBURG. No error.

The defendant was indicted for assault with deadly weapon with intent to kill, inflicting serious injury. The State's evidence tended to show an unprovoked assault with a pistol upon the person of the State's witness Knuckley, wherein the latter was shot and seriously injured. The defendant offered evidence tending to show that he acted in self-defense.

There was a verdict of guilty of assault with a deadly weapon, and from judgment imposing sentence of ten months in prison defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*G. T. Carswell and Joe W. Ervin for defendant.*

DEVIN, J. The only questions presented by this appeal relate to the judge's charge to the jury. Appellant contends that the trial court unduly restricted the jury's consideration of his plea of self-defense by the use of the following language, to which he noted exception: "On the other hand if the defendant was (not) in fault in bringing on the fuss and he was put in such position as to believe, and it is for you to say as to whether there was evidence sufficient for him to believe, and not for the defendant to say—you may take the testimony of the de-

fendant and other witnesses, but it is for you to say whether he had sufficient grounds to believe his life would be taken or that he would receive great bodily harm, and he was not in fault in bringing on the fuss, then he had the right to use such force, even to the taking of life, to defend himself."

The submission to the jury of the question whether, under the testimony, the defendant "had sufficient grounds to believe his life would be taken or that he would receive great bodily harm" in order to justify his use of force, affords the defendant no just ground of complaint. The charge as a whole on the law of self-defense was in substantial accord with the decisions of this Court. *S. v. Nash,* 88 N. C., 621; *S. v. Gray,* 162 N. C., 608, 77 S. E., 833; *S. v. Johnson,* 166 N. C., 392, 81 S. E., 941; *S. v. Glenn,* 198 N. C., 79, 150 S. E., 663; *S. v. Thornton,* 211 N. C., 413.

In *S. v. Waldroop,* 193 N. C., 12, 135 S. E., 165, *Adams, J.,* speaking for the Court, states the rule prevailing in this jurisdiction as follows: "If A. is assaulted and by reason of the assault, while free from blame in the matter and in the exercise of ordinary firmness, he actually apprehends and has reasonable ground for apprehending that his life is in danger or that he is in danger of great bodily harm, he has a right to use such force as is necessary or such force as reasonably appears to him to be necessary to save his life or to protect himself from great bodily harm— such necessity, real or apparent, to be determined by the jury upon all the facts and circumstances as they reasonably appear to him at times; and if under these conditions he takes the life of his assailant the homicide is excusable." *S. v. Glenn, supra.*

The exception to the court's instruction that under the bill of indictment the jury could find the defendant guilty of a lesser degree of the crime charged, including assault with a deadly weapon, if they so found beyond a reasonable doubt, cannot be sustained. C. S., 4640; *S. v. Lee,* 192 N. C., 225, 134 S. E., 458; *S. v. Spain,* 201 N. C., 571, 160 S. E., 825.

The other exceptions to the judge's charge are without merit. Considered contextually and as a whole the charge is free from reversible error. *Bullock v. Williams, ante,* 113; *S. v. Durham,* 201 N. C., 724, 161 S. E., 398; *S. v. Lee, supra.*

In the trial we find

No error.