MRS. ESTELLE C. STEWART v. C. GUY STEWART.

(Filed 25 March, 1942.)

**Automobiles § 18a—**

Evidence tending to show that defendant was driving at a speed of 60 to 65 miles an hour and, in a sudden effort to avoid colliding with another automobile which had been backed into the highway and which was apparently not in motion at the time, drove off the road, causing the car to overturn, inflicting serious injury to plaintiff, a guest in the car, *is held* to require the submission of the case to the jury. Michie's N. C. Code, 2621 (288) (278).

APPEAL by plaintiff from *Grady, Emergency Judge,* at October Term, 1941, of HARNETT. Reversed.

This was an action to recover damages for a personal injury alleged to have been caused by the negligence of the defendant in the operation of an automobile. At the close of plaintiff's evidence motion for judgment of nonsuit was allowed, and plaintiff appealed.

*Neill McK. Salmon for plaintiff, appellant.*
*Dupree & Strickland and I. R. Williams for defendant, appellee.*

DEVIN, J. Plaintiff is the wife of the defendant. On the occasion alleged, about 8:30 p. m., she was a passenger in an automobile being driven by the defendant along the highway. She testified that the defendant, in a sudden effort to avoid collision with another automobile which had been backed into the highway, drove his automobile, in which plaintiff was riding, off the road and caused it to overturn, inflicting a serious personal injury. She further testified that defendant was driving at a speed of sixty to sixty-five miles per hour, and that his automobile headlights were defective. The automobile which had backed into the highway was about the middle of the highway and apparently was not in motion. The pavement was eighteen feet wide, with shoulders, and the road was straight.

The plaintiff's evidence, taken in the light most favorable for her, would seem to indicate that the defendant was driving his automobile at such a high rate of speed that he was unable to stop, or turn aside safely, within the distance he could observe objects on the road by the lights of his automobile. *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608; Michie's N. C. Code, secs. 2621 (288), 2621 (278).

Without discussing the evidence in detail, we think it was of sufficient probative force to require submission to the jury.

The judgment of nonsuit is

Reversed.