For the reasons stated there must, be a

New trial.

## STATE v. BRUCE GREGORY.

(Filed 13 October, 1943.)

**1. Criminal Law § 53d—**

Where there is no evidence of a less degree of the crime charged, the court is not required to instruct the jury that they may convict of a less grade of the same offense.

**2. Criminal Law § 56—**

A verdict of a jury is not vulnerable to a motion in arrest of judgment because of defects in the indictment, unless the indictment wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which defendant is found guilty.

**3. Same—**

An indictment must be liberally construed upon a motion in arrest of judgment for defects therein.

**4. Indictment § 7—**

The purpose of an indictment is twofold: first, to make clear the offense charged so that the investigation may be so confined, that proper procedure may be followed and applicable law invoked; second, to put defendant on reasonable notice so that he may make his defense.

**5. Indictment § 9—**

As a general rule, an indictment is sufficient when it charges the offense in the language of the statute.

**6. Same: Assault and Battery § 8—**

In an indictment, under Michie's Code, sec. 4214, it is not necessary to describe the injury further than in the words of the statute.

**7. Assault and Battery §§ 7a, 7c—**

Where in a trial of an indictment, under Michie's Code, sec. 4214, defendant is convicted of an assault with intent to kill and judgment rendered that defendant serve not less than three nor more than four years in the State's Prison, there is error, as the offense described in the verdict is at most a misdemeanor punishable by fine and imprisonment, or both, in the discretion of the court as provided by the statute. C. S., 4215.

APPEAL by defendant from *Dixon, Special Judge,* at June Term, 1943, of JOHNSTON.

The defendant was tried at the June Term, 1943, of Johnston Superior Court on a bill of indictment reading as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Bruce Gregory, late of the County of Johnston, on the 8th day of May in the year of our Lord one thousand nine hundred and forty three, with force and arms, at and in the County aforesaid, did unlawfully, wilfully and feloniously assault one Will Register with a deadly weapon, to wit, a pocket knife, inflicting serious injuries not resulting in death, with intent to kill and murder the said Will Register, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The principal State's witness, Register—who claims to have been assaulted—testified that on the night of 8 May of that year, being in Benson, he went down an alley between the Peacock Drug Store and Benton Printing Company to attend a call of nature. When he got back of the drug store, intending to turn into the alley behind the drug store, someone "hollered" at him. Not seeing the person and failing to understand what he said, he stopped and tried to determine where the voice came from, saw a man sitting on some steps that ran up the side of the building. He heard the man say that he would "do something" or would "come down there," whereupon he turned around sharply and walked back up the alley. When he reached a point about fifteen feet from Main Street in the alley, someone, whom he later identified as the defendant, ran up behind him and struck him in the throat with a knife, and he felt soreness from the lick and pain. He was walking toward Main Street when struck. Witness thereupon turned around quickly and began to strike his assailant with both fists. He was cut not only in the throat, but severely in the back.

Upon cross-examination, he denied having any bottle in his hand or striking at anybody with a bottle, or putting his hands upon defendant's clothing.

There was evidence to the effect that blood spurted from the wound in the neck both there and in the hospital, that it was serious and might have caused his death by hemorrhage. The wound in the back was severe, but would not have caused death. After eight days in the hospital and ten days in bed at home, the witness recovered.

The defendant Gregory testified that he was sitting on the stairway which ran up from the alley on the side of the drug store building to his apartment over that store; that he had sent his wife out through the alley to get a drink of Coca-Cola; that meantime the prosecuting witness came into the alley to attend to a call of nature, and Gregory asked him

to leave, telling him that his wife had gone to the drug store and would be back in about half a minute. Witness went to where Register was and again told him that witness' wife had gone to the drug store and would be back any time, and Register said, "Damn you and your wife both," picked up a large bottle found in the alley and struck witness on the left side of his head, then grabbed his overall bib. Witness asked Register to turn him loose, but he continued to hold witness, striking at him on the back and hips. After vainly endeavoring to disengage himself in the fight, witness testifies that he put his hand in his pocket, brought out his knife and "cut himself loose," but did not cut Register any more after he was turned loose. Witness stated that he fought in self-defense and because he feared that Register would beat him to death, and to keep Register from killing him.

Other testimony is cumulative or corroboratory, and unnecessary to an understanding of the decision.

The case was submitted to the jury, which found as its verdict the following: "Guilty of assault with intent to kill." Upon this verdict judgment was rendered that defendant serve a term of not less than three nor more than four years in the State Prison at Raleigh. Defendant moved to arrest the judgment upon the following grounds: That the indictment was fatally defective in failing to describe the nature and extent of the injury so that its seriousness might be apparent to the court; that the verdict was not responsive to any offense of which he might be convicted under the indictment; and failing his discharge on these grounds, that he should be punished only for a simple assault, that being the highwater mark of the verdict under any possible theory of its validity.

The defendant also excepted to the failure of the judge to instruct the jury upon simple assault.

The motions to set aside the verdict and in arrest of judgment were overruled, and the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*C. C. Canaday and J. R. Barefoot for defendant, appellant.*

SEAWELL, J. The exception to the judge's charge needs little discussion. Although the jury might have exercised the privilege given it under pertinent statutes discussed elsewhere, and convicted the defendant of an assault of less grade than that charged, and even of simple assault, the court is not required to encourage such inconsistency where there is no evidence of such minor offense. *S. v. Elmore,* 212 N. C., 531, 532, 193 S. E., 713; *S. v. Lee,* 192 N. C., 225, 134 S. E., 458; *S. v. Smith,*

201 N. C., 494, 160 S. E., 577; *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605; *S. v. White,* 138 N. C., 704, 51 S. E., 44. There is no evidence of simple assault apparent in the record.

We direct our attention to the motion in arrest of judgment.

It is usually held, and so in this State, that the verdict of the jury is not vulnerable to a motion in arrest of judgment because of defects in the indictment, unless the indictment wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which the defendant is found guilty. 23 C. J. S., Criminal Law, sec. 1533; 15 Am. Jur., Criminal Law, sec. 436; *S. v. Jones,* 218 N. C., 734, 735, 12 S. E. (2d), 292. As to other less serious defects, objection must be made by motion to quash the indictment or, in proper cases, a bill of particulars may be demanded. Appellant contends that the failure of the indictment to particularly describe the nature and extent of the injury, charged to be serious, is such a fatal defect.

Chapter 101, Public Laws of 1919 (Michie's Code of 1939, sec. 4214), creates a statutory offense in which several elements theretofore appearing merely as aggravating circumstances were combined as essential elements of the crime denounced. Said section reads as follows:

"4214. Assault With Deadly Weapons With Intent to Kill Resulting in Injury.—Any person who assaults another with a deadly weapon with intent to kill, and inflicts serious injury not resulting in death, shall be guilty of a felony and shall be punished by imprisonment in the state prison or be worked on the county roads for a period not less than four months nor more than ten years."

Long prior to the enactment of this statute, the Legislature, in an act (C. S., 4215), which, in its main features, dates back to the early seventies, had dealt with the general subject of assault—including assault as known at the common law—and had attempted to lay down a schedule of punishments according to the aggravation of the offense, and at the same time, by the first proviso of this statute, taken in connection with Art. IV, sec. 27, of the Constitution, carved out of the general jurisdiction of assaults given the courts an original and exclusive jurisdiction in the courts of justice of the peace, where no deadly weapon had been used and no serious injury inflicted. Pertinent parts of that section read as follows:

"4215. Punishment for Assault.—In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: Provided, that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days;

but this proviso shall not apply to cases of assault with intent to kill," etc.

In support of his contention that the indictment is fatally defective in its failure to more particularly describe the nature and extent of the injury, appellant cites *S. v. Battle,* 130 N. C., 655, and also relies upon the cases collected and cited in that opinion. Analyzing these cases, all of which were decided prior to the enactment of 4214, *supra,* the Attorney-General contends that the requirement with respect to a fuller description of the injury is wholly referable to the necessity of determining the jurisdiction under the then existing condition of the law. It is pointed out that what constitutes a serious injury, when the facts are determined, is a matter of law; and the description of the injury afforded a convenient method by which the court might *in limine* determine its jurisdiction without entering upon a fruitless investigation only to find that it was without jurisdiction. Unquestionably, some of the decided cases deal solely with the subject of jurisdiction, and may have the connotation contended for by the Attorney-General.

However, there was no question of jurisdiction involved in *S. v. Battle, supra,* since, although the offense might have been initially charged as a simple assault, it was committed within one mile of the courthouse, and during the court term, and, therefore, by an exception not noted above, was within the concurrent jurisdiction of both the Superior and inferior courts. Code, section 892; *S. v. Bowers,* 94 N. C., 910. In this case the failure to describe the nature and extent of the damage done was held to strip the indictment of such qualifying expressions as were necessary to raise it out of the grade of a simple assault, and the case was remanded for punishment accordingly.

Where the Superior Court takes cognizance of an assault, except where concurrent jurisdiction has been given it of simple assault under certain conditions which do not here appear, it is, of course, necessary that the bill of indictment sufficiently charge an offense within the original jurisdiction of the higher court; and if, upon inspection, it does not charge such an offense, the jurisdiction must fail. These matters frequently came up for consideration by the Court under the statute cited—4215—and form the basis of much discussion in the opinions collected in *S. v. Battle, supra.* We think, however, the requirement that the nature and extent of the injury should be more specifically described was as much due to the more meticulous standards of the common law, under which the concepts and definitions of offenses took form largely through the experience of administration and without the aid of definitive statutes; and, as a means of "playing safe," indictments were viewed with great, and often unnecessary, strictness. Now, under a motion for arrest of judgment for a defect in the indictment, it must

be liberally construed.    15 Am. Jur., Criminal Law, s. 435, and cited cases.

The purpose of an indictment is at least twofold: First, to make clear the offense charged so that the investigation may be confined to that offense, that proper procedure may be followed, and applicable law invoked; second, to put the defendant on reasonable notice so as to enable him to make his defense.    When these purposes are served, the functions of the indictment are not so impaired by the omission of subordinate details—in this case a more particular description of the injury—as to necessitate an abruption of the judicial investigation in which, if it is allowed to proceed, the questioned condition may be made clear and the rights of the accused protected by the application of legal standards.

As we have stated, the effect of the 1919 Act—section 4214, Michie's Code, *supra*—is to create a separate and distinct statutory offense in which are incorporated as essentials to the crime a number of circumstances theretofore considered merely as an aggravation of the assault—amongst them the fact of serious injury.    In our opinion, the statement in the indictment that the assault inflicted serious injury is sufficient without further elaboration, and the fact becomes a matter of proof upon the trial.    Except as a convenience in determining the jurisdiction of the court in the first instance, it is questionable whether the insistence that so significant an expression as "serious injury" be further explained served any useful purpose, even at common law.    In the present instance, we feel that the more reasonable rules pertaining to indictments for statutory crimes should be pursued.

As a general rule, an indictment is sufficient when it charges the offense in the language of the statute.    *S. v. Gibson,* 221 N. C., 252, 20 S. E. (2d), 51; *S. v. Jackson,* 218 N. C., 373, 375, 11 S. E. (2d), 149; *S. v. Abbott,* 218 N. C., 470, 476, 11 S. E. (2d), 539.

"The indictment strictly follows the words of the statute, and that is laid down in all the authorities as the true and safe rule.    It is true there are some few exceptions, but we do not think they embrace this case."    *S. v. George,* 93 N. C., 567, 570.

For a typical exception, see *S. v. Williams,* 210 N. C., 159, 185 S. E., 661.

We hold that the indictment in this respect is sufficient.

The jury found the defendant guilty of an assault with intent to kill. Appellant's challenge to this verdict presents the question whether it states an offense of which the accused could be found guilty under the indictment without superadding a qualification that would make it unacceptable in law.

As above stated, under the indictment the jury was authorized to find the defendant guilty of a less grade of assault, or even of a simple assault.

BUTLER *v.* WINSTON.

C. S., 4639; C. S., 4640; *S. v. Goff,* 205 N. C., 545, 551, 172 S. E., 407; *S. v. Hefner,* 199 N. C., 778, 155 S. E., 879; *S. v. Strickland,* 192 N. C., 253, 134 S. E., 850.   C. S., 4639, relative to assaults, is especially applicable.

Assault with intent to kill is an indictable offense at common law; *S. v. Elmore, supra; S. v. Boyden,* 35 N. C., 505; which, it is said, is recognized everywhere.   26 Am. Jur., p. 577, sec. 597.   Commonly, no distinction is made between the expressions "intent to murder" and "intent to kill."   Designated *in ipsissimis verbis* it is by the terms of the second proviso of C. S., 4215 expressly excepted from the punishment assigned to simple assault and to the jurisdiction into which it falls.   It is within the category of offenses of which the jury might find, and did find, defendant guilty in the downward progress from the greater to the lesser offense.   Thus far we find no legal difficulty upon the record.

But the offense described in the verdict is at most a misdemeanor; *S. v. Boyden, supra; S. v. Elmore, supra;* and not punishable as a felony by imprisonment in the State's Prison, as here attempted.   C. S., 4171. The effect of the verdict is to find the defendant guilty of a misdemeanor, punishable by fine or imprisonment, or both, at the discretion of the court, as provided in the statute—C. S., 4215.

For these reasons, appellant's motion in arrest of judgment is allowed, and the judgment is arrested.   But the validity of the trial and verdict is unaffected, and the case is remanded to Johnston County Superior Court, where a proper judgment will be rendered on the verdict in accordance with this opinion.

Error and remanded.