THOMAS WELLS v. BURTON LINES, INC., AND CLYMAN H. JOHNSON (ORIGINAL PARTIES DEFENDANT), AND CHARLES STANLEY (ADDITIONAL PARTY DEFENDANT),

and

CHARLES STANLEY v. BURTON LINES, INC., AND CLYMAN H. JOHNSON.

(Filed 19 December, 1947.)

**1. Automobiles § 18h (5)—**

Where one defendant contends that the collision in suit was due solely to the negligence of plaintiff, he is in no position to press his exception to the granting of his co-defendant's motion to nonsuit.

**2. Automobiles § 18h (2)—**

Where defendant's own testimony is to the effect that he did not see a truck parked on his side of the highway until he was within approximately thirty feet of it, that he applied his brakes and turned cross-ways of the road and came to a stop on his left side of the highway directly in the path of another car traveling on its right side in the opposite direction, is sufficient evidence of defendant's negligence to be submitted to the jury in an action by the driver and by the occupant of such other car.

**3. Evidence § 42c—**

Testimony of an admission by defendant that the accident in suit was his fault, made when he visited plaintiffs in the hospital after the collision, is competent as an admission against interest by a party to the action, and the fact that it was not a part of the *res gestæ* is immaterial.

**4. Appeal and Error § 39f—**

When the charge of the court is free from reversible error when construed contextually, exceptions thereto will not be sustained.

APPEAL by defendant, Clyman H. Johnson, from *Rousseau, J.,* at March Term, 1947, of GUILFORD (Greensboro Division).

Civil actions to recover for personal injuries and damages to the car of Charles Stanley, sustained in an automobile collision. The actions were consolidated for trial.

The pertinent facts are as follows:

1. On 19 December, 1945, about 5:30 p.m., the plaintiff, Charles Stanley, was operating his automobile in a southerly direction on the Greensboro-Asheboro Highway about ten miles south of Greensboro. The plaintiff, Thomas Wells, was riding in Stanley's automobile as a guest passenger.

2. A tractor-trailer unit belonging to the defendant, Burton Lines, Inc., loaded with hogsheads of tobacco, had been left during the night of 18 December, 1945, by its agent on the east side of the highway, headed north. Sleet and snow had fallen and the brakes on the tractor-trailer

unit became frozen and the equipment rendered immobile. This equipment was parked partially upon the shoulder of the highway and partially on the paved portion thereof. The pavement was about 18 feet in width and the equipment of the Burton Lines, Inc., occupied 3 to 4 feet of the paved portion of the highway. Red flags were placed along the highway in both directions for several hundred feet, by the driver of the tractor-trailer unit, but no flares.

3. North of the point where the Burton Lines equipment was parked the highway is straight, level and the view unobstructed for a distance of 600 to 700 feet. To the south of the parked vehicle the road was slightly down grade, straight and the view entirely unobstructed for about 300 feet, but one could partially see a vehicle where the truck was parked for approximately a half a mile.

4. The defendant Johnson was traveling north. The automobile operated by the plaintiff Stanley had passed the Burton Lines tractor-trailer and was about 30 feet south of it when the collision occurred between his car and the Johnson car. According to the answer of the defendant, Clyman H. Johnson, the automobile of the plaintiff Stanley was being driven at a lawful rate of speed and in a lawful manner; and he does not plead contributory negligence against the plaintiffs.

5. The evidence further tends to show that the Stanley car was traveling about 25 miles per hour and the Johnson car was being driven about 40 to 50 miles per hour; that the dim headlights were on the Stanley car and no lights were burning on the Johnson car. At the time of the collision it was getting dark, but one could see how to drive without headlights. The weather was cloudy. Both plaintiffs testified that they saw the Burton Lines equipment when they were 300 to 400 feet from it. The snow on the paved portion of the highway had been scraped off, but it was icy in places.

The plaintiff Stanley testified: "I was about midway of the truck when I first saw the Johnson car . . . I would say the Johnson car when I first observed it was approximately 125 feet away." When the defendant Johnson reached a point about 50 or 60 feet south of the Burton Lines equipment, he applied his brakes and swerved or skidded to his left and collided with the plaintiff Stanley's car. The defendant had been over this road a few hours before the accident and had seen the Burton Lines equipment parked on the east side of the highway. Johnson testified that he approached the scene of the collision traveling about 25 miles per hour; that the weather was cloudy at the time; that it was between dim and dark; not what you would call pitch dark; that he did not see the truck until he got within approximately 30 feet of it, that he applied his brakes, turned cross-ways of the road, went by it and before he could do anything he was hit by the Stanley car, but then he

said he brought his car to a dead stop on the west side of the highway and that the collision "took place approximately 30 feet back of the truck on the west side of the highway." He also testified his headlights were burning and that he saw no red flags displayed along the highway or on the truck.

At the conclusion of the plaintiffs' evidence the defendant Burton Lines, Inc., moved for judgment as of nonsuit as to it. The motion was denied but upon a renewal thereof at the close of all the evidence the motion was allowed.

The issues of negligence and damages were answered in favor of the plaintiffs and against the defendant Johnson.

From the judgments entered on the verdict, the defendant Johnson appealed, assigning errors.

*James E. Coltrane and D. Newton Farnell, Jr., for Thomas Wells and Charles Stanley, plaintiffs, appellees.*

*Smith, Wharton & Jordan and Arthur O. Cooke for Burton Lines, Inc., appellee.*

*Sapp & Moore for defendant, Clyman H. Johnson, appellant.*

DENNY, J. The appellant assigns as error the refusal of the court below to allow his motion for judgment as of nonsuit as to both plaintiffs; and for allowing the motion of Burton Lines, Inc., for judgment as of nonsuit.

The appellant states in his brief that he "does not contend that plaintiffs were contributorily negligent, but that the plaintiff Stanley's negligence was the sole proximate cause of the collision." In view of this contention, we do not see how the appellant can contend that the court committed error in allowing the motion of the defendant Burton Lines, Inc., for judgment as of nonsuit.

We think there was sufficient evidence adduced in the trial below as to the negligence of the defendant Johnson to carry the case to the jury. According to his pleadings, the plaintiff Stanley's car at the time of the collision, was being driven at a lawful rate of speed and in a lawful manner. Moreover, his own testimony is to the effect that he did not see the parked truck on his side of the highway until he was within approximately 30 feet of it; he applied his brakes, turned cross-ways of the road, came to a dead stop on the west side of the highway directly in front of the plaintiff's approaching car. We think this evidence is sufficient to overcome a motion for judgment as of nonsuit.

The ruling of the court below in overruling the defendant Johnson's motion for judgment as of nonsuit as to both plaintiffs and allowing the motion of the Burton Lines, Inc., for judgment as of nonsuit, will be

upheld. *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Smithwick v. Colonial Pine Co.,* 200 N. C., 519, 157 S. E., 612; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Lee v. R. R.,* 212 N. C., 340, 193 S. E., 395; *Clarke v. Martin,* 217 N. C., 440, 8 S. E. (2d), 230; *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608; *Stewart v. Stewart,* 221 N. C., 147, 19 S. E. (2d), 242; *Allen v. Bottling Co.,* 223 N. C., 118, 25 S. E. (2d), 388.

The plaintiffs were permitted to testify, over the objection of the appellant, to a conversation the appellant had with them while they were in the hospital, and in which conversation they testified the appellant told them the collision was his fault. The admission of this testimony is assigned as error.

It is not contended that the statement of the appellant was a part of the *res gestæ* as it was in *Austin v. Overton,* 222 N. C., 89, 21 S. E. (2d), 887, where the defendant remarked, "It was my fault." There the Court said, "The conclusion is a legal one, determinable alone by the facts. It is not supposed the defendant intended by this statement—which he denies making—to concede more than his own negligence." The appellant in the instant case denies that he told the plaintiffs that the collision was his fault. However, we think the evidence admissible under the rule stated by *Winborne, J.,* in *Hobbs v. Queen City Coach Co.* in 225 N. C., 323, 34 S. E. (2d), 211, as follows: "It is not necessary to the competency of an admission by party to the record that it shall have been made as part of the *res gestæ.* It is a rule of evidence that admissions when offered as those of a party to the record are competent against him when the admissions are against his interest, material and pertinent or relevant to an issue in the case, and offered when the declarant is a party to the record at the time of the offer. Such admissions are original, primary, independent and substantive evidence of the facts covered thereby, and may be used to make out the opponent's case by proving or disproving the facts in issue. 10 C. J. S., 1091, Evidence, *et seq.* IV Wigmore on Evidence, 3d Ed., 1078."

We have carefully examined the several exceptions and assignments of error to his Honor's charge, and some of them, if considered separate and apart from the charge as a whole, might have some merit, but when the charge is considered contextually as it must be, it is free from reversible error. *S. v. Lee,* 192 N. C., 225, 134 S. E., 458; *S. v. Elmore,* 212 N. C., 531, 193 S. E., 713; *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Grass,* 223 N. C., 31, 25 S. E. (2d), 193.

The remaining assignments of error are without merit.

In the trial below we find

No error.