Among other instructions asked by counsel for (665) defendant were the following: *Page 460 
"8. If the jury believe and should find from the evidence that Walker, the conductor, told the plaintiff to wait at the platform of the station and he would have the passenger car pulled up in front of the station for him to get on, and the plaintiff disregarded what the conductor said to him and went aboard the car before it was coupled, then he took upon himself all the risk incident to so doing, contributed to his own injury and in this aspect of the case plaintiff cannot recover."
"16. If the jury find from the evidence that the conductor, before the plaintiff boarded the train, told the plaintiff that the passenger car would be pulled up in front of the station for him and other passengers to get aboard before leaving, then, whether the plaintiff had procured his ticket beforehand or not, he had no right to get aboard the car until the passenger car had been pulled up to the front of the station, and it was contributory negligence for plaintiff to do so, and the jury should so find."
The court interlined the former of the two paragraphs by inserting after the word "coupled" the words "and when it was standing at an unusual place to receive passengers," and the latter paragraph by inserting after the word "leaving" the words "and directed the plaintiff to wait."
Where a person comes upon the premises of a railroad company at the station, with a ticket or with the purpose of purchasing one, he becomes a passenger, and may usually enter an open passenger car standing on the track and provided for passengers going on the train on which he proposes to take passage. But, while the conductor may, on the one hand, excuse a debarking passenger from contributory negligence by advising him to get off a car before it has ceased to move, he may, on the other hand, make the passenger's conduct culpable when he gives him an unheeded warning not to enter such open car till it (666) can be removed to another point.
There seems to have been some evidence tending to show that the conductor told the plaintiff to step of the sidetrack and wait for the passenger car to be drawn up to the station, though as to this the testimony was conflicting.
The defendant was entitled to the unqualified instruction that if the car designed for the train on which the plaintiff embarked was open so as to receive passengers, whether at the usual or an unusual point on the track, the plaintiff would have been negligent in entering it after being warned not to do so. This proposition would hold good if in one paragraph of the instructions given the qualification was inserted, while in another it was omitted, thus leaving the jury at liberty to be misled by the erroneous view of law, rather than guided by the statement of the *Page 461 
correct principle. The jury are not supposed to be capable of determining when the judge states the law correctly and when incorrectly.
But the finding of the jury upon the fourth issue, as well as on the third, drawn as it was, depended upon this very question. The plaintiff was not rightfully on the car, but was himself negligent in entering, if in fact he had been warned by the conductor not to do so. The findings upon the third and fourth issues must therefore be set aside and a new trial granted as to the questions involved in those two, leaving the verdict upon the other issues undisturbed. We take this course because, after careful consideration, we have concluded that there was no error in any of the other rulings of the court excepted to and embraced in the assignments of error. As to the third and fourth issues, the defendant is entitled to a new trial.
The necessary effect of our ruling, giving to the lessee company a new trial on certain issues, is to vacate the judgment both as to the lessor and lessee corporations. Hence, it is unnecessary to determine the liability of the lessor company for the negligence of the lessee company.
New trial.
Cited: Blackburn v. Ins. Co., 116 N.C. 827; Tillett v. R. R., ib., 938; Mfg. Co. v. R. R., 117 N.C. 591; Pickett v. R. R., ib., 639; Tillettv. R. R., 118 N.C. 1041; Nathan v. R. R., ib., 1070; Styles v. R. R.,ib., 1090; Rittenhouse v. R. R., 120 N.C. 547; Everett v. Receivers,121 N.C. 522; Strother v. R. R., 123 N.C. 200; Benton v. Collins,125 N.C. 90; Edwards v. R. R., 129 N.C. 80; Seawell v. R. R.,132 N.C. 859; Edwards v. R. R., ib., 101; S. v. Barrett, ib., 1011; S. v.Clark, 134 N.C. 712; Drum v. Miller, 135 N.C. 218; S. v. Morgan,136 N.C. 632; Clark v. Traction Co., 138 N.C. 79; Liles v. Lumber Co.,142 N.C. 47; Wilson v. R. R., ib., 341; Morrow v. R. R., 147 N.C. 629;Jones v. Ins. Co., 151 N.C. 56; McWhirter v. McWhirter, 155 N.C. 147;Anderson v. Meadows, 159 N.C. 407; Hoaglin v. Tel. Co., 161 N.C. 399;Johnson v. R. R., 163 N.C. 453; Tilghman v. R. R., 167 N.C. 173; Rainesv. R. R., 169 N.C. 192; Champion v. Daniel, 170 N.C. 333; Thomas v. R. R.,173 N.C. 495. *Page 462 
(667)