MARY WILLIAMS, et al. v. LEO HAID.

*Action to Cancel Deed for Incompetency of Grantor—Mental Capacity—Presumption of Law.*

1. The capacity or incapacity to make a deed or contract is a question of fact for the jury and not one of law.

2. No presumption of incompetency to make a deed or contract is raised by the law from advanced age or feeble health of the grantor.

118—31

3. In the trial of an issue as to whether a grantor at the time of
   executing a deed was of sound mind and disposing memory,
   it was error to charge that "if the jury believe that the
   grantor was 64 years of age, was suffering from physical dis-
   ease, which had developed four years previous thereto,
   which had grown in strength and virulence up to the time of
   the execution of the deed, and from the effect of which he
   died three months thereafter, and that his old age and physi-
   cal infirmity had weakened his mind ; then the deed being a
   bounty and made without consideration, there arises the pre-
   sumption of law that he was incompetent to execute the
   deed, and the burden is upon the defendant (grantee) to
   satisfy the jury that he was competent."

4. The fact that one portion of a charge to the jury correctly pre-
   sents the law will not cure the erroneous portion.

This was a CIVIL ACTION, tried before *Greene, J.*, and a
jury, at the Fall Term, 1895, of the Superior Court of NEW
HANOVER County.

The plaintiffs alleged that one Lawrence Brown, late of
the city of Wilmington, county and state aforesaid, died
on the 22d day of April, A. D. 1892, intestate, and that
they were his only heirs-at-law.

That prior to his death, to-wit : on the 14th day of Janu-
ary, A. D. 1892, the said Lawrence Brown executed to
the defendant a deed, conveying certain real estate therein
described and fully set out in the complaint, and that on
said day the said Lawrence Brown transferred and set
over to the defendant all of his personal property without
any consideration. That at the time of the execution of
the said deed and transfer of the said personal property,
the said Lawrence Brown was mentally incompetent to
make a deed, or any other disposition of his property.

And that the execution of said deed and the transfer of
the said personal property was procured by undue influence,
exerted by the defendant and other persons named in the
complaint, over the mind and will of the said Lawrence
Brown.

The defendant admitted the execution of the deed and transfer of the personal property, and denied that the said Lawrence Brown was mentally incompetent to execute said deed or make a valid transfer of the personal property, or that the same was procured by any undue influence.

The following issues were submitted to the jury :

"*First*. Are the plaintiffs the heirs-at-law of Lawrence Brown ?

"*Second*. Are the plaintiffs the only heirs-at-law of Lawrence Brown ?

"*Third*. At the time of the execution of the deed to the defendant, was Lawrence Brown of sound mind and disposing memory ?

" *Fourth*. Was the said deed obtained by undue influence exercised by the defendant Leo Haid, Daniel O'Connor, Rev. Father Dennen or any layman of the Catholic Church or any of them ?"

There was much testimony bearing upon the third issue. Among the instructions prayed for by the plaintiff and tendered by the court on the third issue was the following :

" That while old age itself or physical infirmity or mental weakness is not sufficient by itself to render a man incompetent to make a deed or execute a contract, yet old age, physical and mental weakness raise a strong presumption of incompetency, and if the jury believe that at the time this deed was executed Lawrence Brown was 64 years of age, was suffering from physical disease which had developed four years previous thereto, which had grown in strength and virulence up to the time of the execution of this deed, and from the effect of which he died within three months thereafter, and that this old age and physical infirmity had weakened his mind, then, this deed and other disposition of his property being a *bounty* and made *without consideration*, there arises the presumption of law

that he was incompetent to execute said deed or make said contract, and the burden of proof is upon the defendant to satisfy the jury that he was competent, and if the jury are not so satisfied, then the deed and contract is null and void and the jury must find the third issue ' No.' " Defendant excepted.

The jury responded to the first issue "Yes;" to the second issue "Yes;" to the third issue "No;" and under the direction of the court made no response to the fourth issue.

The court refused defendant's motion for a new trial and he appealed from the judgment rendered for plaintiff.

*Geo. Rountree* and *Thos. W. Strange,* for plaintiff.
*H. G. Connor,* for defendant (appellant).

FAIRCLOTH, C. J. :   We dispose of this case by considering the instructions of the court upon the third issue. That issue was in these words :  " Was the said Lawrence Brown, deceased, at the time of making the said deed of sound mind and disposing memory ? " which the jury answered " No." After numerous witnesses were examined on the question, the court charged the jury that the burden of this issue was upon the plaintiff " to satisfy them by a preponderance of proof that Lawrence Brown, at the time of executing the deed to the defendant, was not of such a state of mind as to comprehend the nature of his act, to understand what he was doing and to know the direct consequence of his act * * * ; that if the jury believe from the whole of the evidence that at the time of executing the deed he had sufficient mind or mental capacity to understand what he was doing—what property he was conveying, to whom he was conveying it, and for what purpose the conveyance was made, they should answer the third issue ' Yes.' "

In the latter part of the charge, his Honor instructed the jury : " And if the jury believe that at the time  this deed was executed Lawrence Brown  was  64 years  of age,  was suffering from physical disease  which had  developed four years previous thereto,  which had grown  in strength  and virulence up to the time of the execution of this deed, and from the effect of which he died within three months thereafter, and that this  old  age  and  physical  infirmity  had weakened his mind, then, this deed and other disposition of his property, being a bounty  and made without consideration, there arises *the presumption of law* that he was incompetent to execute t e deed or to make the contract, and the burden of proof is upon  the defendant to satisfy the jury that he was competent, and if the jury are not so satisfied, then the deed and contract are null and void, and the jury must find the third issue ' No.' "    The defendant excepted.

In the latter part of the charge quoted, there is error. The capacity or incapacity to make a deed or contract is a question of fact to be ascertained by the jury, and not one of law.    The law does  not  presume  that a man 64  years of age is incompetent to  contract, nor that one suffering from physical disease from which he dies in a few months, even if his mind had  been weakened by suffering, is incapacitated to contract or convey his property.    His actual condition  under such and  similar  circumstances  is  the matter to  be  inquired of by the jury.    The law cannot declarè or presume in the  matter until  facts are found or admitted.    At what age, for instance, will  the  law presume incompetency ?    Would it  do  so  at  50,  60 or 75 years ?    How much physical suffering  and what degree of weakness of mind would the law require to exist before it would presume incompetency ?

It does not help the case to say that, although a part of the charge is erroneous, there is another part of the charge

on the same point which was correct, and that as a whole there is no error because the jury would be presumed to have obeyed the correct portion. *State* v. *Fuller*, 114 N. C., 885. That is to assume that the jury understands the law and is able to detect and discard erroneous instruction which would not be a safe assumption; besides, it is the duty of a jury to follow the instructions of the court upon the law and legal presumptions, whether they are right or not. With this conclusion it is unnecessary to pass upon the other questions, as they probably will not be presented at the next trial. Venire de novo.