EDWARDS v. ATLANTIC COAST LINE RAILROAD CO.

(Filed March 10, 1903.)

1. NEGLIGENCE—*Crossings—Signals—Railroads*.

An instruction by the trial court that it is the duty of an engineer to ring the bell *and* blow the whistle when approaching a crossing is erroneous

2. EVIDENCE—*Corroborative Evidence—Substantive Evidence—Witnesses*.

Where witnesses give testimony corroborative of another witness, such testimony also being itself substantive evidence, an instruction that this evidence can be considered only as corroborative or contradictory of such other witness is erroneous.

ACTION by J. W. Edwards, administrator of W. B. Edwards, against the Atlantic Coast Line Railroad Company, heard by Judge *Francis D. Winston* and a jury, at November Term, 1902, of the Superior Court of WILSON county.    From a judgment for the plaintiff the defendant appealed.

*Woodard & Mewborn,* and *F. A. & S. A. Woodard,* for the plaintiff.

*F. A. Daniels* and *George B. Elliott,* for the defendant.

WALKER, J.    This is an action brought by the plaintiff to recover damages, under the statute for the death of his intestate, which he alleges was caused by the negligence of the defendant.    The case has been here before and will be found reported in 129 N. C., at p. 78.

The intestate was driving in a buggy along Goldsboro

Street in the town of Wilson and was killed at Herring's Crossing by a south bound passenger train of the defendant, while attempting to cross the defendant's track at that point where the street and track intersect.

There was conflicting evidence as to the giving of the usual signals for the crossing and as to the opportunity of the intestate to see and hear the approaching train in time to have stopped and prevented the injury.

The presiding judge charged the jury with his usual ability and clearness, but we are constrained to hold that in two respects he committed errors prejudicial to the defendant. They may have been the result of inadvertence and probably were, but still we must treat them as if they were not, as the effect upon the jury in either case must have been the same.

The court instructed the jury that the defendant is required by law to give notice of the coming of its trains near crossings either by ringing the bell or sounding the whistle or both, so that persons traveling on the highways may have reasonable time to avoid collisions, but afterwards he told the jury that it was the duty of the defendant's engineer to ring the bell and also blow the whistle when a train is approaching a crossing.

We do not think that as a matter of law, such is the duty of railroad companies when approaching crossings. It is undoubtedly true that the engineer must give such a signal as will be reasonably sufficient to warn persons on highways, that intersect the track, of the coming of the train, and this must be done by ringing the bell or blowing the whistle, as the peculiar circumstances of the case may suggest to be the proper method, and the failure of the engineer to give such a signal would be evidence of negligence. *Hinkle v. Railroad,* 109 N. C. 473; 26 Am. St. Rep., 581. The warning must be reasonable and timely, but what is reasonable and

timely warning, must depend upon the conditions existing at the time in the particular case and we are not by any means prepared to say that the law requires in every case that the signal should be given in any special way.    We know of no such hard and fast rule as that laid down by the trial judge in this case.    The bell and the whistle are the appliances provided for the purpose of giving signals and one or the other, as the case may seem to require, must be used for that purpose, and, in cases of emergency, or when the peculiar situation seems to demand it, there should perhaps be a resort to the use of both, but it must, be left to the jury to decide, under proper instructions of the court, as to the law, what is a proper signal in any given case.

We have carefully examined the authorities cited by the counsel of the plaintiff and do not think they give any countenance to the charge of the court.    In each one of the cases cited it is said to be the duty of the engineer to ring the bell *or* sound the whistle and we have not been able to find a single case in which a different rule has been applied.    *Hinkle v. Railroad,* 109 N. C., 473; 26 Am. St. Rep., 581; *Randall v. Railroad,* 104 N. C., 416; *Troy v. Railroad,* 99 N. C., 298; 6 Am. St. Rep., 521; *Mays v. Railroad,* 119 N. C., 770.

The fact that the court, in one part of the charge, told the jury that it is the duty of an engineer, when approaching a crossing, to ring the bell *or* blow the whistle, did not cure the error he committed in the respect already indicated.    It is well settled that when there are conflicting instructions upon a material point a new trial must be granted, as the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly.    *Edwards v. Railroad,* 129 N. C., 78; *Williams v. Haid,* 118 N. C., 481; *Tillett v. Railroad,* 115 N. C., 662.

We must assume in passing upon the motion for a new

trial that the jury were influenced in coming to a verdict by that portion of the charge which was erroneous.

A witness for the defendant, George Rouse, testified that he had heard the whistle blow and warned the intestate not to attempt to cross the track and he also testified to other material facts which were favorable to the defendant. Certain witnesses, and among them W. L. Cantwell, had given evidence which tended to corroborate the witness Rouse, and defendant requested the court to charge the jury with reference thereto that they should consider the testimony of those witnesses as corroborative of that of Rouse. The court gave the instruction with this modification that the jury should consider the evidence as corroborating the testimony of the witness named, "or as contradicting it, as the case may be, and as affecting his credibility and recollection and in that light only." It will be readily seen that the words which the court added to that instruction, as requested, were calculated to mislead the jury, as they might reasonably have inferred therefrom that their consideration of the testimony of the witness Cantwell should be confined to its character or quality as corroborative evidence, and that it should not be considered by them as substantive evidence of the material facts in the case, to which he also testified. The testimony of the witness Cantwell was very important to the defendant upon the vital questions at issue between the parties, and it was greatly weakened, if not practically destroyed, by the change made by the court in the instruction. Instructions should not be so framed as to be subject to a construction which may carry with it, even by implication an erroneous principle or direction, or which may at least leave the jury in doubt as to what is meant. The presiding judge should be careful to see that the charge is given to the jury in such a way and with such reasonable accuracy as that

neither party will be prejudiced by any misconception of it by the jury.

Because of the errors pointed out there must be another trial.

New trial.