C. M. CHAMPION v. JOE F. DANIEL AND C. L. MILLER, ADMINISTRATORS OF W. M. WINTHROW, DECEASED.

(Filed 8 December, 1915.)

**Instructions—Conflicting Charge—Corrections—Appeal and Error.**

> Where damages are sought in an action for burning a barn, the plaintiff is only required to establish his case by the greater weight of the evidence; and where in his charge the court has instructed the jury variously as to the degree of proof required, that the plaintiff must satisfy them that the defendant's intestate did burn the property; that the evidence must be clear, convincing and satisfactory; that it must satisfy them by its greater weight, it constitutes reversible error; and this error is not sufficiently corrected when, afterwards, at the request of the jury for enlightenment, he correctly charges them upon the question of the burden of proof without calling their attention to the former charge and specifying the error therein, which is required to be corrected.

APPEAL by plaintiff from *Harding, J.,* at August Term, 1915, of RUTHERFORD.

Civil action. This action was brought to recover damages for the willful and wrongful burning of the plaintiff's ginhouse, flour mill, dwelling-house and stock of merchandise. The jury returned a verdict in favor of the defendants, and from the judgment thereon plaintiff appealed.

*Quinn, Hamrick & Harris, McBrayer & McBrayer, Cansler & Cansler for plaintiff.*

*W. C. McRorie, Ryburn & Hoey and M. L. Edwards for defendants.*

WALKER, J. We need consider only one exception of the plaintiff. The judge, in varying forms, charged the jury that, before they could return a verdict for the plaintiff, the evidence being largely, though not altogether, circumstantial, he must, by evidence, fully satisfy them that the intestate of the defendants did burn the property as alleged. Sometimes he charged that the evidence must be clear, convincing and satisfactory, and again that it must satisfy them by its greater weight that the unlawful act was committed. When the learned judge charged that

the law required of the plaintiff that he should establish his case by a greater quantum of evidence than a mere preponderance, he also told the jury that if he had failed to do so they should answer the first issue, as to the wrongful burning of the property, "No." After the jury had been absent from the courtroom for some time they returned and said to the court that it seemed that they had failed to understand as to the weight of the evidence, meaning the quantum thereof, whereupon the judge did charge them that they must be satisfied of the unlawful burning by the greater weight of the evidence. While this was done, we do not think it was a sufficient compliance with the rule we have heretofore laid down to cure the former error of the judge.

In civil cases the general rule is that a preponderance of the evidence is sufficient, if favorable to the plaintiff, or to him who has the burden of proving the issue, to warrant a verdict in his favor, but there is an exception where the relief demanded is the correction or reformation of a written instrument, when the law requires that the evidence should be clear, strong and convincing. *Ely v. Early,* 94 N. C., 1; *Harding v. Long,* 103 N. C., 1; *Cobb v. Edwards,* 117 N. C., 253; *Avery v. Stewart,* 136 N. C., 426; *Lehew v. Hewett,* 138 N. C., 6; *Lamb v. Perry,* 169 N. C., 436; *Ray v. Patterson, ante,* 226. In *Avery v. Stewart, supra,* and *Lamb v. Perry, supra,* we undertook to state and explain the principle upon which this rule is based, and to show why the law made this difference in the quantum of proof dependent upon the nature of the cause of action and the relief demanded. In criminal cases the jury must be convinced beyond a reasonable doubt of the prisoner's guilt before they can convict, because the law presumes strongly in favor of his innocence, and requires convincing evidence to overcome it. Where the court is asked to correct a deed, for instance, the party asking for the relief must make out his case by evidence which is clear, strong, and convincing, because there is cogent presumption that, when parties have solemnly reduced their contract or agreement to writing, the instrument correctly expresses the agreement, and for that reason a greater weight of evidence is required to show the contrary. In ordinary civil cases there is not so great a presumption in favor of the defendant, and the quantum of proof required is consequently less. In this case the judge, several times, laid down the rule that applies to criminal cases, as he told the jury that they must be fully satisfied, and also stated the rule applicable to a case where it is sought to correct a written instrument. It is very true that when the jury came back for further instructions he charged them correctly as to the weight of the evidence (*Chaffin v. Mfg. Co.,* 135 N. C., 99, 100), but when two contradictory instructions are given, we have often said that the jury, being unlearned in the law, are not supposed to know which of them is the right one, and therefore they are necessarily confused as to what the law is, and, being

so, it necessarily follows that they cannot correctly apply it. *Williams v. Haid,* 118 N. C., 481; *Tillett v. R. R.,* 115 N. C., 662; *Edwards v. R. R.,* 132 N. C., 99; *McWhirter v. McWhirter,* 155 N. C., 145. The last authority cited bears directly upon this question presented here, as there the conflicting instructions related to the quantum of proof. It is just the converse of this case.

In *Jones v. Ins. Co.,* 151 N. C., 54, the judge had given contradictory instructions. We said that if the last instruction had been correct it would not have cured the error in a former one, as the attention of the jury was not called to the error with a view of correcting it, and of removing the wrong impression made upon the minds of the jurors by the erroneous instruction. And the same idea is advanced by *Justice Brown* in *Wilson v. R. R.,* 142 N. C., 333, at pp. 340, 341: "As we have held, his Honor instructed the jury in the previous part of his charge practically that punitive damages might be allowed. If he intended this as a correction of the former part of his charge it was his duty to have called the attention of the jury to it as a correction. It would seem from this colloquy between judge and counsel that both thought that the court had not already instructed practically that the jury could award exemplary or punitive damages. The court ought to have defined what is meant by punitive damages, for, as it is a technical legal term, the jury might not have considered that his Honor had already charged in effect that they could award them. So we think that, notwithstanding what the court stated at the conclusion of the charge, the jury might have felt at liberty to go beyond compensatory damages under the authority of what had been previously said. They had a right to suppose that if his Honor intended to correct his charge he would have called their attention to it as a correction. The jury were, therefore, left at sea, between contradictory instructions upon the issue of damages, which, under numerous decisions of this Court, entitles the defendants to a partial new trial. In *Edwards v. R. R.,* 132 N. C., 101, it is said: 'It is well settled that when there are conflicting instructions upon a material point a new trial must be granted, as the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly.'"

This Court said in *Hoaglin v. Tel. Co.,* 161 N. C., 390, at 398, 399: "The error of the court in thus instructing the jury requires us to order a new trial, as we are unable to determine whether the answer to the first issue was given under the charge as to the duty of defendant to repair its wire with reasonable care and diligence, or under the erroneous instruction. If we could separate the two because we knew with certainty that the jury were not influenced by the error, we would do so, but it is impossible, as the correct and incorrect instructions have all together passed into the verdict, which is indivisible. In such a case a

new trial is the only remedy for the error. *Rowe v. Lumber Co.,* 133 N. C., 433, and cases cited; *Dunn v. Currie,* 141 N. C., 126. It is analogous to the principle decided in *Williams v. Haid,* 118 N. C., 481; *Tillett v. R. R.,* 115 N. C., 662; *Edwards v. R. R.,* 132 N. C., 99; *S. v. Barrett,* 132 N. C., 1005, and, more recently, in *Patterson v. Nichols,* 157 N. C., 413. *Justice Allen* said, in *Patterson v. Nichols,* 157 N. C., at p. 413: "When the charge on the first issue is considered as a whole there are inconsistent directions to the jury, which must have left them in doubt as to a correct finding upon the issue."

These references to our cases are sufficient to show how careful, if not exacting, we have been to require that if a judge has given conflicting instructions and wishes to correct the erroneous one, he should refer to the error and withdraw it from his charge, or so explain the matter to the jury that they may certainly understand that he means to correct the error and to give them the right instructions as to the law. This was not done here. The court merely repeated what had been said before in the general charge, without referring to the two or more erroneous instructions as to the quantum of proof, and we cannot be sure that the jury understood what the correct rule was. It is very evident from what they said, when they returned to the courtroom for further instructions, that they were confused, and, in order to have fully removed from their minds any wrong impression as to the law, produced by previous instructions, the erroneous ones should have been clearly eliminated and only the correct ones left to the jury. We do not think that the mere use of the word "satisfied," in connection with those other words, "by the greater weight of the evidence," vitiated the instructions. We discussed this fully in *Chaffin v. Mfg. Co.,* 135 N. C., at pp. 99 and 100: "It will not do (as we there said), in passing upon the correctness of a charge, to consider it in detached portions, but we must look at the context and examine what follows in connection with that which precedes. In other words, the charge must be considered as a whole. *Elliott v. Jefferson,* 133 N. C., 211; *Everett v. Spencer,* 122 N. C., 1010. The same rule applies when deciding upon the admissibility of testimony. *S. v. Ledford,* 133 N. C., 714. When the part of the charge of the court excepted to is considered and tested by this reasonable rule of the law we think it sufficiently and, indeed, clearly, appears that the jury were instructed, at least substantially, that the plaintiffs were required to make out their case by a preponderance of the testimony and that the jury should apply the rule to the facts and circumstances of the case in order to determine whether plaintiff had met the requirement. The use of the word 'satisfied' did not intensify the proof required to entitle the plaintiffs to their verdict. The weight of the evidence must be with the party who has the burden of proof, or else he cannot succeed. But surely the jury must be satisfied or, in other words, be able

to reach a decision or conclusion from the evidence and in favor of the plaintiff which will be satisfactory to themselves. In order to produce this result, or to carry such conviction to the minds of the jury as is satisfactory to them, the plaintiffs' proof need not be more than a bare preponderance, but it must not be less. The charge, as we construe it, required only that plaintiffs should prove their case by the greater weight of the evidence." But, as we have shown, this instruction, however correct in itself it may be, did not cure the error which was left in the charge.

We are satisfied, from a careful perusal of the entire record, the evidence and the charge, that grave injustice may be done unless we set aside the verdict and direct that the case be submitted to another jury.

New trial.