## STATE v. DORSEY ALLEN.

(Filed 18 November, 1925.)

**Intoxicating Liquors—Spirituous Liquors—Instructions—Appeal and Error—Evidence—Questions for Jury—Statutes.**

Upon the trial under an indictment for violating the prohibition law, there was evidence that an illicit still was found without connecting its operation with the defendant, but that a coat was found there with a receipt with defendant's name on it in one of the pockets: *Held,* an instruction that the name on the receipt was sufficient evidence that it was the property of defendant, and it should be considered to identify the coat, is an expression of an opinion upon the weight and credibility of the evidence inhibited by statute, and reversible error. C. S., 564.

APPEAL by defendant from *McElroy, J.,* at August Term, 1925, of MOORE.

Criminal prosecution tried upon an indictment charging the defendant (1) with the unlawful manufacture of spirituous liquors or intoxicating bitters (C. S., 3367), and (2) with having or keeping in his possession, for the purpose of sale, certain spirituous, vinous or malt liquors (C. S., 3379), contrary to the statutes in such cases made and provided, etc.

From an adverse verdict and sentence of six months on the roads, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. R. Clegg for defendant.*

STACY, C. J. A still was discovered in the upper end of Moore County on 26 November, 1924. The officers found a coat at the still site, and in one of the pockets was a receipt, made out in the name of the defendant, Dorsey Allen, for three years subscription to the *Southern Planter,* a newspaper published at Richmond, Va. The defendant was not seen at the still, though some one, other than the defendant, ran away as the officers approached.

The court instructed the jury as follows:

"The court charges you, gentlemen, that the name on the receipt is sufficient proof that the receipt was the property of the defendant, Dorsey Allen, and that its purpose is to identify the coat and it is admitted for this purpose, and if you find that the receipt is sufficient evidence to identify the owner of the coat, then you will return a verdict of guilty."

The Assistant Attorney-General, with his usual candor, frankly confesses his inability to defend this instruction. It contains an expression of opinion, in violation of C. S., 564, as to the sufficiency and weight of the evidence. *S. v. Hart,* 186 N. C., 582; *Speed v. Perry,* 167 N. C., 122. The error, of course, was unintentional. It is just one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit. *S. v. Kline, ante,* 177.

New trial.