R. L. YOUNG AND MOLLIE YOUNG, HIS WIFE, v. BOARD OF COMMIS-
SIONERS OF YANCEY COUNTY ET AL.

(Filed 23 December, 1925.)

**Instructions—Conflicting in Material Parts—New Trial.**

> When a charge to the jury of the law arising from the evidence upon the trial is conflicting substantially, and upon material parts, the jury will not be presumed to have perceived the error and correctly have applied the law, and a new trial will be granted on appeal.

APPEAL by plaintiff from *Ragland, Special Judge,* at March Term, 1925, of the Superior Court of YANCEY.

There were two issues:

1. Did the plaintiff, for a valuable consideration, agree with the Board of Highway Commissioners of Yancey County to grant the right of way over which the road in question was built? Answer: Yes.

2. What amount of damages, if any, is plaintiff entitled to recover? Answer: Not any.

*Charles Hutchins for plaintiff.*
*Watson, Hudgins, Watson & Fouts for defendant.*

ADAMS, J. It was alleged that the defendants had entered upon the land of the plaintiffs and had constructed a public road thereon, making fills, embankments, and deep cuts, and damaging the adjacent property in several respects which are particularly set out in the complaint. The defendants admitted the plaintiffs' title and the appropriation of their property (record pp. 3, 19), and by way of a further answer alleged that the plaintiffs had given and granted the right to enter upon their lands and the right to construct the road in consideration of the advantages afforded by an improved highway and in consideration of the building by the defendants of a wall for the protection of the plaintiffs' spring. This further answer was set up as an independent defense, and the trial judge correctly instructed the jury that the defendants had the burden of establishing the alleged contract by the greater weight of the evidence; but he gave the additional instruction that the law required the plaintiffs to establish their contention by the preponderance of the evidence, and if the jury should find by the greater weight of the evidence that the alleged agreement was not entered into and was not binding they should answer the first issue in the negative. It appears, then, that the judge, through an inadvertence no doubt, gave antagonistic instructions in reference to one legal proposition. In *Edwards v. R. R.,* 132 N. C., 99, the Court said: "It is well settled that when there are conflicting instructions upon a material point a new trial must be granted, as the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly." And in *Williams v. Haid,* 118 N. C., 481: "It does not help the case to say that, although a part of the charge is erroneous, there is another part of the charge on the same point which is correct, and that as a whole there is no error because the jury would be presumed to have obeyed the correct portion. That is to assume that the jury understands the law and is able to detect and discard the erroneous instruction, which would not be a safe assumption." *Tillett v. R. R.,* 115 N. C., 663; *Bragaw v. Supreme Lodge,* 124 N. C., 154; *Cresler v. Asheville,* 134 N. C., 311; *Jones v. Ins. Co.,* 151 N. C., 53; *McWhirter v. McWhirter,* 155 N. C., 145; *Champion v. Daniel,* 170 N. C., 331; *Haggard v. Mitchell,* 180 N. C., 255.

New trial.