ERNEST C. MAY, ADMINISTRATOR OF DONALD B. MAY, DECEASED, v. E. W. GROVE, P. H. BRANCH AND FRED COLLINS, AND ST. LOUIS UNION TRUST COMPANY AND EDWIN W. GROVE, JR., TRUSTEES UNDER THE WILL OF E. W. GROVE, DECEASED, AND ST. LOUIS UNION TRUST COMPANY AND EDWIN W. GROVE, JR., EXECUTORS OF THE WILL OF E. W. GROVE, DECEASED.

(Filed 29 February, 1928.)

## 1. Trials—Instructions—Conflicting Instructions—New Trial.

Where the charge by the court to the jury is conflicting upon its material aspects arising from the evidence, the jury is not presumed to have understood the error, and a new trial will be granted on appeal.

**2. Trials—Instructions—Cured Error.**

An erroneous instruction is not cured by a verdict upon which the judgment appealed from has not been entered.

**3. Appeal and Error—Review—When New Trial Awarded.**

Where two defendants are sued for a joint tort, and an erroneous instruction has been given as to the liabilities of one, materially prejudicing the other under the evidence in the case, on appeal a new trial will be granted as to both.

APPEAL by plaintiff and defendants from *Deal, J.*, and a jury, at September Term, 1927, of BUNCOMBE. As to both a new trial.

This is an action for actionable negligence by plaintiff against defendants. Plaintiff voluntarily submitted, pending the trial, to a judgment of nonsuit as to the defendant, P. H. Branch, E. W. Grove having died during the pending of the action, the trustees and executors under his will were duly made parties, viz.: St. Louis Union Trust Company and Edwin W. Grove, Jr., trustees under the will of E. W. Grove, deceased, and St. Louis Trust Company and Edwin W. Grove, Jr., executors of the will of E. W. Grove, deceased.

The issues submitted were negligence, assumption of risk, contributory negligence and damages.

The action was tried out against the defendants, Fred Collins and the trustees and executors of E. W. Grove, having been made parties at his death, as stated.

*Carter & Carter for plaintiff.*
*Merrimon, Adams & Adams for defendants.*

CLARKSON, J. The court below charged the jury as follows: "It has been stipulated or agreed, at least by the plaintiff, and the plaintiff only contends that the defendant, E. W. Grove (or rather E. W. Grove's executors, the Grove estate), is liable at all except by and through the negligence of the defendant Collins, if you find by the greater weight of the evidence that the defendant Collins was negligent. In other words, the plaintiff does not contend that E. W. Grove himself was negligent, or that he was negligent through any other employee than the employee Collins. Since the plaintiff has conceded that the Grove estate is liable, if at all, only by reason of the negligence on the part of the defendant Collins, then the court charges you that the burden of proof is upon the plaintiff by the greater weight of the evidence to satisfy you that the defendant Collins, as agent and employee of E. W. Grove, was guilty of negligence in the several respects to which the court will hereafter refer, and that unless you find by the greater weight of the evidence

that the defendant Collins was negligent, and that such negligence was the proximate cause of plaintiff's intestate's death, and that at the time of such negligence he was working in the scope of his employment as agent and servant of the defendant Collins, then you will answer that issue No—the first issue No."

The court further charged the jury: "If you should answer the first issue Yes, then you will indicate whether you are answering that issue as to both defendants, or either defendant, and if so, which, or only one of the defendants, and if so, which one. If you answer it Yes, as to either or both defendants, then you will proceed to consider the other issues. If you answer the first issue Yes, as to either defendant, or as to both defendants, you will proceed to consider the second issue."

The defendants excepted and assigned error on the ground that the charge was conflicting, and we must so hold.

In *Edwards v. R. R.,* 132 N. C., at p. 101, it is held: "It is well settled that when there are conflicting instructions upon a material point a new trial must be granted, as the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly. *Edwards v. R. R.,* 129 N. C., 78; *Williams v. Haid,* 118 N. C., 481; *Tillett v. R. R.,* 115 N. C., 662." *Hoaglin v. Tel. Co.,* 161 N. C., 390; *Champion v. Daniel,* 170 N. C., 331; *Kimbrough v. Hines,* 180 N. C., 274; *S. v. Falkner,* 182 N. C., 793; *S. v. Bush,* 184 N. C., 778; *Young v. Comrs.,* 190 N. C., 845; *Warren v. Fertilizer Works,* 191 N. C., 416.

The conflicting parts of the charge must be material. It goes without saying that the court can correct any part of the charge theretofore given which is conflicting, to make the charge consistent. In the present action the charge was conflicting on a material matter and prejudicial. The first issue submitted to the jury was as follows: "Was the death of plaintiff's intestate caused by the negligence of the *defendants,* as alleged in the complaint?"

As the case goes back for a new trial on defendant, E. W. Grove's (executor's) appeal, we will not go into the attitude of the jury in plaintiff's appeal in answering the first issue "Yes," and then in response to the court the foreman said, "We answer as to both," and being sent back and then answered, "Yes, E. W. Grove." We will consider plaintiff's appeal with defendant's appeal and order a new trial as to both defendants, Fred Collins and E. W. Grove (now the trustees and executors). Both were sued as joint *tort-feasors,* and the matters are so interwoven that the same error which entitled the defendant, E. W. Grove, to a new trial likewise entitled the plaintiff to a new trial as against the other defendant, Fred Collins. We think this consonant with justice to all parties on the record.

The error in the charge might have been cured by the verdict had the judge allowed the jury's original answer to the first issue to stand, but the verdict as finally rendered and accepted demonstrates the prejudicial effect of conflict in the charge.

It appears from the record that the Court below was painstaking and careful, but in a long trial errors will often be made inadvertently. It is necessary for an orderly system of procedure that we adhere to settled rules where they are material and the nonobservance prejudicial. On both appeals a

New trial.