HOWARD MASON v. THE TEXAS COMPANY, INCORPORATED.

(Filed 11 July, 1934.)

1. **Master and Servant D a: Principal and Agent C a—Burden is on injured third person to establish relationship of master and servant.**

   Where plaintiff seeks to hold defendant liable under the doctrine of *respondeat superior*, the burden is on plaintiff to establish, among other things, the existence of the relation of master and servant or of principal and agent between the defendant and the alleged wrongdoer, and where plaintiff introduces no competent evidence of such relationship plaintiff is not entitled to recover.

2. **Same: Evidence H a—Plaintiff's testimony of agency held incompetent as hearsay.**

   Plaintiff, seeking to hold defendant liable under the doctrine of *respondeat superior*, testified that the alleged wrongdoer was working for defendant, but testified on cross-examination that he had been told that the alleged wrongdoer had a contract with defendant and was doing the work in question under such contract. *Held*, plaintiff's testimony of agency was incompetent as hearsay.

   SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Frizzelle, J.,* at December Term, 1933, of CARTERET.

Plaintiff alleged and offered evidence tending to show that he was injured on Saturday evening, 1 August, 1931. The testimony disclosed that Dennis Mason operated a filling station at Atlantic, North Carolina, at which he sold products manufactured by the defendant. In connection with his business he owned a wharf at said point. This wharf was about eight feet above the water. There were eighty yards of pipe connected together, stretched along the wharf. The old pipe had been taken up and new pipe laid. It was lying about six or eight inches from the edge of the wharf. The plaintiff testified as follows: "There were six of us there getting our boats ready to go get our nets on. That was on Saturday evening. There was no danger there at all. We had all been working right around this dock for about forty years. We had been there turning our boats over Friday and Saturday and I had just got mine righted turning it over, when something struck me. I don't know whether I was knocked down or not. Something got me. It was that pipe, eighty yards of pipe, that he had left on the opposite side of the wharf. Mr. Chadwick had left it. He had been there to take up the old pipe and put down new. . . . Eighty yards of it was connected solidly together and it fell and struck me there. It left me in a bad condition. . . . I did not bring my boat in contact with the wharf. She was about five or six feet from the wharf. . . . I told

MASON *v.* TEXAS CO.

Mr. Hamilton the pipe had jumped off. I don't know how it got off. There was a boat started there at the time. I don't know who started the engine. I don't know whose boat it was unless it was Charlie Willis'. I don't know whether the pipe fell off when he started the boat or not. Something must have shook the pipe off. The pipe was inch and a half pipe." The evidence further disclosed that Dennis Mason, the owner of the wharf, upon which the pipe was lying, ran a store and sold gasoline, supplies and groceries. He was selling the Texas gasoline. He represented the Texas Company. A witness for plaintiff testified that "the pipe was somewhere between four and five inches from the edge of the wharf. Some parts of it were over the wharf. It had a crook in it." The plaintiff offered evidence that the pipe had been taken up and new pipe installed by a man named Chadwick. In order to connect Chadwick with the defendant the plaintiff was asked the following question by his counsel: "You say Mr. Chadwick was doing this work and left the pipe there? For whom was he doing the work?" Answer: "The Texas Company. They told me that the Texas Company gave it out on contract and he got the job. I was told that Mr. Chadwick had a contract with the Texas Company. I was told that at the time, he was a contractor to put the pipe down for the Texas Company."

The defendant in apt time objected to the question, but the objection was overruled.

The defendant offered in evidence the contract between the defendant, the Texas Company, and Dennis Mason, which was in writing, and said writing discloses that the defendant leased to said Dennis Mason certain equipment to be used by him on the premises for the storage and sale of petroleum products purchased solely from the defendant company; "but at all times is to remain the property of the company."

The defendant also offered in evidence the written contract between C. B. Chadwick and the Texas Company, dated 22 July, 1931, and in words and figures as follows: "I propose to install new $1\frac{1}{4}''$ galvanized pipe line on Dennis Mason's Dock at Atlantic, N. C., furnishing all labor and material for the sum of $150.00 (700 ft. pipe). I guarantee this work to be of first class and will correct any defects arising within a period of thirty days after completion without cost to the Texas Company."

"Chadwick testified that in making the repairs on the wharf "I had complete control of the job and hired all labor and furnished all material. I had been through the job possibly three days when the accident happened. I left the old pipe between a foot and a foot and a half on the right side of the wharf as you go out." It also appeared in the testimony that C. T. Chadwick was the agent for the Texas Company at Beaufort and sold gas to Dennis Mason, the owner of the wharf,

and that C. B. Chadwick, the contractor who did the installation work, was a son of C. T. Chadwick.

The following issues were submitted to the jury:

1. "Was C. B. Chadwick an independent contractor as alleged in the answer?"

2. "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?"

3. "Did the plaintiff, by his own negligence, contribute to his injury?"

4. "If so, what damage is the plaintiff entitled to recover from the defendant?"

The trial judge charged the jury upon the first issue as follows: "Now, gentlemen, the burden of that issue is upon the defendant to satisfy you upon the evidence and by its greater weight that C. B. Chadwick was an independent contractor in the performance of certain work contracted for as testified to by Mr. Chadwick himself and others in the trial of this case."

The jury answered the first issue "No," the second issue "Yes," the third issue "No," and the fourth issue "$500.00."

From judgment upon the verdict the defendant appealed.

*Luther Hamilton for plaintiff.*
*Dunn & Dunn for defendant.*

BROGDEN, J. "When it is sought to hold one responsible for the neglect or *tort* of another, under the doctrine of *respondeat superior,* at least three things must be made to appear, yea four, and, upon denial of liability, the plaintiff must offer 'some evidence which reasonably tends to prove every fact essential to his success.' . . . These are:

1. "That the plaintiff was injured by the negligence of the alleged wrongdoer.

2. "That the relation of master and servant, employer and employee, or principal and agent, existed between the one sought to be charged and the alleged *tort feasor.*

3. "That the neglect or wrong of the servant, employee, or agent, was done in the course of his employment or in the scope of his authority.

4. "That the servant, employee or agent, was engaged in the work of the master, employer, or principal, and was about the business of his superior, at the time of the injury." *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501.

Applying the principles so clearly stated by the *Chief Justice* in the *Martin case, supra,* to the facts of the present record, it is manifest that the burden was upon the plaintiff to show that C. B. Chadwick

was the agent or employee of the defendant in leaving the pipe upon the wharf of Dennis Mason. The first issue was perhaps designed for the purpose of establishing such relationship. However, the plaintiff offered no evidence that C. B. Chadwick was the agent or employee of the defendant in doing the work. It is true that the plaintiff testified that Chadwick was doing the work for the defendant, but on re-cross examination as shown by the record, he said: "They told me that the Texas Company gave it out on contract and he got the job. I was told that Mr. Chadwick had a contract with the Texas Company. I was told that at the time, he was a contractor to put the pipe down for the Texas Company." Obviously, such evidence of agency was hearsay and should have been excluded. The defendant offered the written contract in evidence, and this contract, upon its face, in plain English discloses a relationship of independent contractor and not that of agency. Consequently, even if it be conceded that the instruction given the jury by the trial judge was correct as an abstract proposition of law, nevertheless there was no evidence that C. B. Chadwick was an agent or employee of the defendant. Hence, as the burden was upon the plaintiff to establish the agency, and having offered no evidence thereof, the defendant is entitled to a

New trial.

SCHENCK, J., took no part in the consideration or decision of this case.