G. L. TEMPLETON v. CLAUDE KELLEY, CHARLES ALEXANDER, BEATY SERVICE COMPANY, a CORPORATION; AND L. L. LEDBETTER, TREASURER OF THE CITY OF CHARLOTTE.

(Filed 28 February, 1940.)

1. **Appeal and Error § 43—Petition to rehear allowed in part and denied in part.**

   The petition to rehear is allowed in this case as to that part of the opinion holding that the trial court erroneously failed to charge on the question of proximate cause, it appearing that the instruction taken contextually as a whole did sufficiently charge on this aspect of the case, but the petition is denied as to the part of the opinion holding that the charge of the trial court contained prejudicial error on another aspect of the case.

2. **Appeal and Error § 39e—**

   Conflicting instructions on a material aspect of the case is perforce prejudicial, since it cannot be assumed that members of the jury are able to determine when the court states the law correctly and when incorrectly.

3. **Same—**

   While the trial court may correct any part of the charge, an additional instruction correctly stating the law on a material aspect of the case cannot be held to correct a prior inconsistent charge on the same question when such additional instruction does not refer to, correct or retract the prior instruction.

4. **Automobiles § 24d—Charge on issue of respondeat superior held erroneous.**

   In this action against the driver of a motor vehicle and his alleged employer, the trial court charged the jury to answer the issue of negligence in favor of plaintiff if they found that the driver was negligent, *without charging the jury that the corporate defendant could not be held liable unless the individual defendant was its employee.* Later, by additional instructions, the court charged the jury on this aspect of the case. *Held:* The additional instructions cannot be held a correction of the prior instructions, and there being a conflict in the charge on this material aspect of the case, the error is prejudicial.

5. **Same—**

   In this action against the driver of a motor vehicle and his alleged employee, the charge of the court *is held* for error in failing to present the question of whether the alleged employee, at the time of the accident, was about his master's business and acting within the scope of his employment.

PETITION to rehear.   Original opinion reported 216 N. C., at p. 487.

*Uhlman S. Alexander for plaintiff, appellee.*
*H. L. Taylor for defendant, appellant.*

BARNHILL, J.   In the original opinion it is stated that the portion of the charge there quoted is erroneous (1) in that it omits the element of proximate cause, and (2) in that it required an affirmative answer to the issue of negligence as against the alleged employer if the jury should find negligence on the part of the alleged employee.   It was further held that the charge of the court on the law controlling the right of pedestrians to cross a public street at a point other than at the intersection, sec. 135 (c), ch. 407, Public Laws 1937, was incorrect.

The petition to rehear is predicated upon the assertion (1) that this Court overlooked instructions of the trial judge on proximate cause immediately following the quoted portion of the charge, as well as in other sections thereof, and that (2) the error, if any, as to the liability of the alleged employer is cured by subsequent instructions thereon.   The opinion in respect to the error in the charge as to the right of the pedestrian to cross the street is not challenged.

From a rereading of the charge it is made to appear clearly that there was an inadvertence in the original opinion in respect to the failure of the court below to charge the jury on the element of proximate cause in relation to the first issue.   We are now of the opinion that this phase of the law was adequately presented to the jury.

The fact remains, however, that the portion of the charge discussed was defective in that it required the jury, upon a finding of negligence on the part of the alleged employee, to answer the issue of negligence in the affirmative as against the alleged employer.   But the petitioner asserts and contends that this error was later corrected by the court.

After the trial judge had completed his charge, addressing counsel, he inquired, "Now is there any particular matter, gentlemen, that the Court has overlooked?"   After a conference with counsel for plaintiff he further instructed the jury as follows:

"Now, upon this first issue, gentlemen, going back to that temporarily, you will notice the wording of the issue: 'Was the plaintiff injured by the negligence of the defendant?'   As the court originally instructed you, that has no reference to the defendant Ledbetter.   He is, so to speak, a nominal party in this suit.   It does refer, however, to Claude Kelley and to the Beaty Service Company."

Then, after briefly stating the contentions of the parties as to whether Kelley was an employee of the Beaty Service Company, the court proceeded further:

"Now, remembering the rules that the Court has given you, if you find that the defendant Kelley was responsible for this accident, and that the plaintiff is entitled to recover of him, then the court further charges you, the burden being upon the plaintiff, if you find that Mr. Alexander took his car down to the Beaty Service Company and turned it over to the Beaty Service Company for the purpose of them using it as a taxi, and they in turn made some arrangement with the defendant Kelley, retaining over Kelley the right to hire him and to fire him at their own motion, and, further, that they retained the right to fix the amount of charge that he would make; that they required the said Kelley to report to them any accidents or injuries that might occur, and that they required him to come here to get his gas and oil and his repairs, then the Court charges you that he was a servant of the Service Company, and that you will answer the issue 'Yes'; but if you fail to so find, the burden being upon the plaintiff, then you will answer the issue 'Yes, as to the defendant Kelley.' Is that clear, gentlemen?

"And I forgot to say, gentlemen, that you further find that they put up the deposit as required by the statute covering this particular car. Take the case, gentlemen."

We were cognizant of this later portion of the charge when the original opinion was written. We simply refrained, perhaps unwisely, from extending the discussion to include the principle that where there are conflicting instructions upon a material point we will not assume that the jurors possessed such discriminating knowledge of the law as would enable them to disregard the erroneous and to accept the correct statement of the law as their guide. The members of the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly. *Edwards v. R. R.,* 129 N. C., 78; *Williams v. Haid,* 118 N. C., 481; *Tillett v. R. R.,* 115 N. C., 663; *Edwards v. R. R.,* 132 N. C., 99; *Hoaglin v. Telegraph Co.,* 161 N. C., 390, 77 S. E., 417; *Champion v. Daniel,* 170 N. C., 331, 87 S. E., 214; *Kimbrough v. Hines,* 180 N. C., 274, 104 S. E., 684; *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756; *S. v. Bush,* 184 N. C., 778, 114 S. E., 831; *Young v. Comrs.,* 190 N. C., 845, 130 S. E., 833; *Warren v. Fertilizer Works,* 191 N. C., 416, 131 S. E., 723; *May v. Grove,* 195 N. C., 235, 141 S. E., 750.

The conflicting instructions were material and prejudicial.

While the court may correct any part of the charge, it is apparent that the last quoted portion was not given as a correction of the error in the former portion. The record discloses that the court instructed the jury at least three times that if it found that the defendant Kelley was negligent (in the manner indicated) that it should answer the first issue "Yes" without reference to the existence or nonexistence of the relationship of employee and employer. We may not assume that the jury

wholly disregarded the charge in this respect and followed the later instructions in arriving at the answer to the first issue.

Furthermore, *non constat* Kelley was a servant of Beaty Service Company, was he about his master's business, acting within the scope of his employment at the time? This is not admitted and the court did not require the jury to so find before answering the issue in the affirmative as against the Beaty Service Company. *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096; *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501; *Mason v. Texas Co.,* 206 N. C., 805, 175 S. E., 291; *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126. The last statement of the law on the first issue was, therefore, materially defective.

There are other exceptive assignments of error in the record which are not without merit. As the questions presented thereby may not again arise we did not originally and do not now discuss them.

The case was brought back to the end that we might correct the inadvertence in the former opinion in respect to the statement that the court had failed to properly charge the jury on the question of proximate cause.

The petition is
Allowed in part and
Denied in part.