## STATE v. FRANK STARNES.

(Filed 19 November, 1941.)

**1. Homicide § 3—**

   Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation.   C. S., 4200.

**2. Homicide § 5—**

   Murder in the second degree is the unlawful killing of a human being with malice and without premeditation and deliberation.

**3. Criminal Law § 81c—**

   Conflicting instructions upon a material point, one correct and the other incorrect, must be held for prejudicial and reversible error, since the jury, which must take the law from the court, is not supposed to know which is the correct instruction and it must be assumed on appeal that the jury was influenced by that portion of the charge which is incorrect.

**4. Homicide § 30—**

   In a homicide prosecution an instruction that murder in the first degree is the unlawful killing of a human being without justification in law, which, plus malice, constitutes murder in the second degree, must be held for reversible error notwithstanding that the court thereafter correctly defined murder in the first degree and murder in the second degree, since the charge contains conflicting instructions upon a material point.

**5. Criminal Law § 77d—**

   Where no exceptions are filed to defendant's statement of case on appeal and it becomes in due time a part of the record, the Supreme Court is bound thereby, and when the charge as set forth therein contains conflicting instructions upon a material point, defendant's exception thereto must be sustained regardless of whether the judge's language was incorrectly transcribed or whether the error was due to a *lapsus linguæ.*

**6. Criminal Law § 83: Constitutional Law § 33—**

   Where defendant has been granted a new trial for error in the charge appearing of record and upon appeal from a second conviction the record discloses a kindred error in the charge upon the second trial, a new trial must nevertheless be awarded upon the second appeal, since no person may be deprived of life or liberty except by the law of the land.   Constitution of North Carolina, Art. I, sec. 17.

APPEAL by defendant from *Sink, J.*, at 7 April, 1941, Special Criminal Term, of MECKLENBURG.

Criminal prosecution upon indictment charging defendant with murder of Anna Harris.

A brief résumé of the testimony given on former trial, not materially different from that upon the trial to which this appeal relates, is set out in opinion on former appeal as reported in 218 N. C., 539, 11 S. E. (2d), 553. Hence, no useful purpose will be served by repeating it here.

The case on appeal shows that, beginning the charge, the court told the jury that defendant stands indicted upon a bill of indictment charging the capital offense of murder; that the State contends that the testimony should satisfy the jury beyond a reasonable doubt (1) "that it is murder in the first degree as that will subsequently be defined to you"; (2) "that should you fail to so find, that you should find him guilty of murder in the second degree, as that will be defined to you"; and (3) "that should you fail in that, you should find him guilty of manslaughter, as that will be defined"; that to this indictment and to these contentions defendant pleads not guilty, and contends "that from you he should receive a verdict of not guilty"; and that "there are four verdicts involved . . ." Then, after stating, "I am of the opinion and have practiced explaining to a jury at the outset of my charge the nature of the offense named in the bill of indictment, certainly so in a major felony such as this," the court continued by saying: "Murder in the first degree is the unlawful slaying of a human being, that is, a slaying without justification in law, not arising out of an accident, but in contravention of the statutes. That, plus malice, makes murder in the second degree; an unlawful killing, plus malice, makes murder in the second degree."

Defendant excepts to that portion last quoted.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Brock Barkley for defendant, appellant.*

WINBORNE, J. For error assigned to the charge as above indicated, there must be a new trial.

Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. C. S., 4200. *S. v. Benson,* 183 N. C., 795, 111 S. E., 809; *S. v. Steele,* 190 N. C., 506, 130

13—220

S. E., 308; *S. v. Payne,* 213 N. C., 719, 197 S. E., 753; *S. v. Bowser,* 214 N. C., 249, 199 S. E., 31; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284, and numerous other cases.

Murder in the second degree is the unlawful killing of a human being with malice and without premeditation and deliberation. *S. v. Benson, supra.*

Applying these definitions to the portions of the charge to which exception is taken as shown in the foregoing statement of the case, neither murder in the first degree nor murder in the second degree is correctly defined there. This is conceded by the Attorney-General for the State. But it is pointed out, and justly so, that the court, continuing in the charge, correctly defined both first and second degree murder, and explained the elements constituting each offense. Upon that the State contends that the charge taken as a whole may not be held for error. However, in this connection, the decisions of this Court uniformly hold that when there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted as the jury, which must take the law from the court, is not supposed to know which is the correct instruction. We must assume in such cases, in passing upon appropriate exception, that the jury, in coming to a verdict, was influenced by that portion of the charge which is incorrect. *Tillett v. R. R.,* 115 N. C., 662, 20 S. E., 480; *Williams v. Haid,* 118 N. C., 481, 24 S. E., 217; *Edwards v. R. R.,* 132 N. C., 99, 43 S. E., 585; *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756; *S. v. Waldroop,* 193 N. C., 12, 135 S. E., 165; *Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802; *S. v. Mosley,* 213 N. C., 304, 195 S. E., 830; *S. v. Bryant,* 213 N. C., 752, 197 S. E., 530; *Templeton v. Kelley,* 217 N. C., 164, 7 S. E. (2d), 380.

In the case at bar, what is murder in the first degree, and what is murder in the second degree, within the purview of the law, are material points and essential to proper guidance for the jury.

However, we deem it fair to the learned judge who presided in the trial below to say that no exceptions were filed to the case on appeal as served by defendant, and hence it was not settled by the judge. Therefore, the case on appeal, as served, became in due time a part of the record on appeal. Under these circumstances it may have been that the language used by the court was misunderstood, and that, hence, the charge as reported is not as given, yet we are bound by the record. *Cogdill v. Hardwood Co.,* 194 N. C., 745, 140 S. E., 732; *S. v. Griggs,* 197 N. C., 352, 148 S. E., 547; *S. v. Stansberry,* 197 N. C., 350, 148 S. E., 546; *S. v. Stiwinter,* 211 N. C., 278, 189 S. E., 868; *S. v. Miller,* 214 N. C., 317, 199 S. E., 89; *S. v. Dee,* 214 N. C., 509, 199 S. E., 730.

On the other hand, if the charge be a *lapsus linguæ,* it is, nevertheless, error—"one of those casualties which, now and then, befalls the most

circumspect in the trial of causes on the circuit," *Stacy, C. J.,* in *S. v. Kline,* 190 N. C., 177, 129: S. E., 417; *S. v. Allen,* 190 N. C., 498, 130 S. E., 163; *Cogdill v. Hardwood Co., supra; S. v. Griggs, supra; S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388; *S. v. Stiwinter, supra.* See, also, *S. v. Starnes, supra.*

Other exceptive assignments are not considered.

Even though on the appeal from former judgment upon similar verdict a new trial was granted for cause kindred to that assigned on this appeal, defendant is entitled to go before another jury, for no person ought to be deprived of his life or liberty but by the law of the land. Constitution of North Carolina, Art. I, sec. 17.

New trial.