IN RE THE LAST WILL AND TESTAMENT OF MAGGIE NIPSON LOMAX.

(Filed 28 February, 1945.)

**Wills § 25—**

> In the trial of a civil action of *devisavit vel non,* where the court charged the jury, on the second issue, which was "did testatrix at the time in question have testamentary capacity?" that, should the jury find from the greater weight of the evidence that the testatrix lacked such capacity, they should answer the issue "yes," and should the jury fail to so find they should answer the issue "no," there is reversible error, even though the error is a *lapsus linguæ.*

APPEAL by caveators from *Pless, J.,* at December Term, 1944, of BUNCOMBE.

Civil action, an issue of *devisavit vel non.*

A new trial having been granted on former appeal for errors shown, 224 N. C., 459, 31 S. E. (2d), 369, the case was again tried in Superior Court, upon these issues, which were answered by the jury as shown:

"1. Did the deceased, Maggie Nipson Lomax, execute the paper writing offered for probate as her last will and testament, according to law? Answer: Yes.

"2. If so, did the said Maggie Nipson Lomax at the time in question have testamentary capacity? Answer: Yes.

"3. Was the execution of the said paper writing procured by fraud, duress or undue influence? Answer: No.

"4. Is the paper writing offered for probate, and every part thereof, the last will and testament of Maggie Nipson Lomax? Answer: Yes."

From judgment on the verdict, caveators appeal to Supreme Court and assign error.

*George F. Meadows and Cecil C. Jackson for caveators, appellants.*
*Carl W. Greene for propounder, appellee.*

WINBORNE, J. The record discloses that in charging the jury on the second issue, and after declaring the law as to the burden of proof, and reviewing the evidence offered by the respective parties bearing on the issue, the court gave this instruction:

"Bringing the question or issue to a final conclusion, and again summarizing the law for you, the burden of proof on this issue is on the caveators, those who object to the setting up of the paper writing. The court instructs you that if their evidence has satisfied you from its quality and convincing power that at the time of executing the will that the maker, Maggie Nipson Lomax, did not know the property she had, and its nature and extent and value, and that she did not have a full understanding of what she was about, and the significance and importance of the act in which she was engaged, did not know the persons who were the natural objects of her bounty, and did not appreciate the fact that she was engaged in the execution of a will; I say if the caveators have satisfied you by the greater weight of the evidence that she was of that mental condition at that time, January 8, 1941, the court instructs you that you answer that issue in their favor, that is, YES. On the other hand, if the caveators have not so satisfied you, that is, if their evidence has not outweighed in at least some degree the quality and convincing power of the propounders' evidence, then you will answer the issue in favor of the propounders by writing in the word, NO."

This instruction constitutes an exceptive assignment by caveators. The error assigned is that if on the second issue the jury should find in favor of the caveators, the answer would be "No," and if the jury should fail to so find, the answer would be "Yes." In other words, as used in the instruction the word "Yes" appears where the word "No" should be, and the word "No" appears where the word "Yes" should be. And a careful review of the charge as a whole fails to show that this error was cured. No doubt, due to the form of the issue, the use of the words in such reverse order was a slip of the tongue, *lapsus linguæ*, characterized by *Stacy, C. J.,* as "one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit." *S. v. Kline,* 190 N. C., 177, 129 S. E., 413. Nevertheless, we are bound by the record, and, we must assume, in passing upon appropriate

exception thereto, that the jury understood the instruction as it appears in the record, and that the jury in coming to a verdict observed the instruction as it so appears. Similar situations arose in these cases: *S. v. Allen,* 190 N. C., 498, 130 S. E., 163; *Cogdill v. Hardwood Co.,* 194 N. C., 745, 140 S. E., 732; *S. v. Griggs,* 197 N. C., 352, 148 S. E., 547; *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388; *S. v. Stiwinter,* 211 N. C., 278, 189 S. E., 868; *S. v. Starnes,* 220 N. C., 384, 17 S. E. (2d), 346; *S. v. Floyd,* 220 N. C., 530, 17 S. E. (2d), 658; *S. v. Norton,* 222 N. C., 418, 23 S. E. (2d), 301.

Other exceptive assignments are not considered as they may not recur upon another trial. For error assigned, let there be a

New trial.